### WESTERN UNION TELEGRAPH COMPANY v. JOSEPH KENDZORA.

#### No. 6585.

1. **Charge of Court.**—A charge to the jury which even if absolutely correct is based on a hypothesis concerning which there is no evidence is error.

2. **Damages—Charge of Court.**—When there is no evidence of facts pleaded on which a claim for damages is based, the court should in terms instruct the jury not to allow such damages.

APPEAL from Parker. Tried below before Hon. A. T. Watts, Special District Judge.

The opinion states the case.

*Stemmons & Field,* for appellant.— 1. The court erred in that portion of its charge wherein it submitted as an element of damage the loss of services of plaintiff's wife. There was no evidence to justify the submission of such an element of damage to the jury.

2. The court erred in refusing to charge the jury as requested by defendant in the special charge, to-wit: "The court instructs the jury that the plaintiff can not recover in this action for the loss of the services or for the labor of his wife."

*J. L. L. McCall* and *E. P. Nichols,* for appellee.— 1. The charge of the court under the allegations and proof was correct law upon the question of the loss of services.

2.   The court did not err in refusing to instruct the jury that plaintiff could not recover for the labor, services, and society of his wife.

GAINES, ASSOCIATE JUSTICE. — The appellee's wife being sick, he caused a telegraphic message addressed to Dr. Haney, Millsaps, Texas, and summoning him to her bedside, to be delivered to appellant's agent at Brazos.   The message was received by the agent for transmission and was paid for, but was not delivered to the physician.   Dr. Haney had visited appellee's wife some ten days previous to the day on which the dispatch was received by the company's agent.   The message was dated on the 26th of December, and Mrs. Kendzora died at about 2 o'clock on the morning of the 28th.   Dr. Haney not having received the message did not attend her.   He had promised appellee to attend upon receiving a dispatch requesting him to do so.

Appellee brought this suit against appellant for breach of the contract to deliver the message, alleging his damages to consist in the loss of his wife's services and in mental suffering resulting from that breach.   The only evidence tending in any degree to show that the physician could have saved Mrs. Kendzora's life was that of the plaintiff himself, whose testimony in reference to that matter was as follows:   "Witness saw that his wife was growing worse and sent for Dr. Haney, believing that he could by his skill as a physician save her life, and it greatly affected me mentally to think that I had no physician with her," etc.

The court charged the jury as follows:   "To authorize you to find for plaintiff for the loss of the services of his wife, you must believe from the evidence that such loss of services was occasioned by the failure of the defendant to transmit and deliver the message to said Dr. Haney, and unless you so believe from the evidence you will not find anything for the plaintiff for the loss of the services of his wife."   The court also refused charges asked by the defendant to the effect that the jury should not allow such damages.

We think the court erred in giving the charge quoted and in refusing counter-charges.   There was no evidence that should have been considered by the jury tending to show that Mrs. Kendzora would not have died if the message had been promptly delivered.   At the time of her death she had been sick three weeks, and when Dr. Haney saw her ten days before she had typhoid pneumonia.   In this state of the evidence before the jury it was a mere matter of speculation whether she was not beyond the reach of human skill when the message was delivered to the company.

For the errors indicated the judgment is reversed and the cause remanded.

                                        *Reversed and remanded.*

Delivered May 9, 1890.