## NORTHERN TEXAS TRACTION CO. v. LULA JAMISON.

### Decided January 21, 1905.

**1.—Pleading and Charge—Personal Injury—Expense of Medicines.**

In an action for personal injuries, it was error for the charge to authorize the jury, in estimating what amount would compensate plaintiff, to consider "all reasonable and necessary expenses incurred by plaintiff for medicines," where plaintiff's pleadings did not claim, nor the proof show, that any expenses were incurred for medicines.

**2.—Same—Harmless Error.**

Where the charge contains affirmative error of this character it can not be presumed that, because there was neither pleading nor evidence in relation to expenses of medicines, the jury was not misled, and the error, therefore, harmless. Expense for medicines is an ordinary incident of personal injury, and it must be assumed that the jury considered what the charge told them they might consider.

**3.—Same—Motion for New Trial—Appeal.**

It was not necessary, in order that such error should be available on appeal, that it should have been made one of the grounds urged in the motion for a new trial.

**4.—Same.**

It would seem that an allegation in the motion for new trial that "the court erred in its charge as to the measure of damages," sufficiently raised the question of the error in allowing the matter of expenses for medicines to be considered by the jury.

Appeal from the County Court of Tarrant. Tried below before Hon. R. F. Milam.

*Capps & Canty* and *W. M. Short,* for appellant.—1. It is error for the court to charge that the plaintiff can recover for money expended for medicines when no such expense is alleged and there is no proof of any such expense. Galveston, H. & S. A. Ry. Co. v. Silegman, 23 S. W. Rep., 300; Missouri Pac. Ry. Co. v. Lyde, 57 Texas, 510; Loving v. Dixon, 56 Texas, 75; Atchison, T. & S. F. Ry. Co. v. Click, 23 S. W. Rep., 833; Houston & T. C. Ry. Co. v. Tierney, 72 Texas, 312; Houston & T. C. Ry. Co. v. Kimbell, 43 S. W. Rep., 1049; Galveston, H. & S. A. Ry. Co. v. Waldo, 26 S. W. Rep., 1006; St. Louis, etc., Ry. Co. v. Highnote, 74 S. W. Rep., 920; Galveston, H. & S. A. Ry. Co. v. Thornsberry, 17 S. W. Rep., 524; International & G. N. Ry. Co. v. Lock, 20 S. W. Rep., 855; International & G. N. Ry. Co. v. Branch, 56 S. W. Rep., 542; International & G. N. Ry. Co. v. Simcock, 81 Texas, 503; Railway v. Currey, 64 Texas, 87; Willis v. Whitsett, 4 S. W. Rep., 253; Gulf, C. & S. F. Ry. Co. v. Gordon, 70 Texas, 90.

A charge which misleads the jury is always erroneous. Galveston, H. & S. A. Ry. Co. v. Hubbard, 70 S. W. Rep., 112; St. Louis S. W. Ry. Co. v. Caseday, 40 S. W. Rep., 198; Citizens Railway Company v. Ford, 60 S. W. Rep., 680; Missouri, K. & T. Ry. Co. v. Hines, 40 S. W. Rep., 153; International & G. N. Ry. v. Neff, 87 Texas, 307; Gulf, C. & S. F. Ry. v. Albright, 26 S. W. Rep., 251; Houston & T. C. Ry. v. Patterson, 48 S. W. Rep., 747.

*Beckham & Beckham,* for appellee.—The objection to the charge in that it allowed the jury to find for expenses of medicines was not presented in the defendant's motion for new trial so as to be understood by the court. Rules 67, 68 of the Supreme Court for government of District and County Courts; Ysleta v. Babbett, 28 S. W. Rep., 702; Hammond v. Garcia, 25 S. W. Rep., 824; Bonnell v. Prince, 32 S. W. Rep., 857.

SPEER, Associate Justice.—Lula Jamison, plaintiff below, filed this suit against Northern Texas Traction Company, to recover damages for injuries negligently inflicted upon her while in the act of alighting from one of the defendant's street cars in the city of Fort Worth. The defendant pleaded the general issue and contributory negligence. The case was tried before a jury and a verdict returned in favor of the plaintiff for the sum of $625, upon which judgment was rendered, and from which judgment this appeal is prosecuted.

We sustain the third and ninth assignments of error, complaining of the court's charge upon the measure of damages, in that it authorized a recovery upon an item neither pleaded nor proved; the charge being: "If you believe from the evidence in this case that the agents and employes of defendant failed to exercise the highest degree of care to prevent accident or injury to plaintiff at the time and place alleged in plaintiff's petition, and that plaintiff's injuries, if any, were the approximate (sic) result of such failure, then you will find for the plaintiff

damages in the sum of what you may believe from the evidence will reasonably and fairly compensate plaintiff for her physical suffering, if any, for loss of time, if any, since said injuries, if any, and for any loss of time, if any, which she may sustain in the future by reason of said injuries, if any; also for all reasonable and necessary expenses incurred by plaintiff for medical attention, if any, and for medicines, if any."

It is pointed out by appellant under these assignments that appellee in her pleadings did not claim expenses for medicines, nor did she prove that there had been any such expenses incurred. We find these contentions to be correct. It is uniformly held to be the law, in this State at least, that a trial court commits error when he submits to the jury an issue not raised both by the pleadings and the evidence. Dodd v. Arnold, 28 Texas, 97; Loving v. Dickson, 56 Texas, 75; Mitchell v. Zimmerman, 4 Texas, 75; Missouri Pacific Ry. Co. v. Lyde, 57 Texas, 505; Galveston, H. & S. A. Ry. Co. v. Silegman, 23 S. W. Rep., 298; Houston & T. C. Ry. Co. v. Tierney, 72 Texas, 312; Atchison, T. & S. F. Ry. Co. v. Click, 5 Texas Civ. App., 225, 23 S. W. Rep., 833; Houston & T. C. Ry. Co. v. Kimbell, 43 S. W. Rep., 1049.

The cases of Atchison, Topeka & Santa Fe Ry. Co. v. Click, and Houston & Texas Central Ry. Co. v. Kimbell, above cited, are very much in point. In the former it is said: "There is in the record no evidence as to the value of the medicines used by the appellee after, and in consequence of, his injuries, although there is considerable evidence about prescriptions, lotions, liniments, and anodynes that were used by appellee. It was error in the court to instruct the jury to consider, in rendering their verdict, an item of damages about which there was absolutely no evidence upon which they could come to a correct conclusion." In the latter case it is said: "Appellant further complains of that part of the main charge which tells the jury that, if they found for plaintiff, they should find such damages as they may think him entitled to, and such as would, in their opinion, be fair compensation to him for the time lost, if any, and expenses incurred by him in procuring medical aid and attention, if any. . . . There was no evidence as to the expense incurred by appellee for medicines or medical attention. The above charge was erroneous. Western U. Tel. Co. v. Kendzora, 77 Texas, 258, 13 S. W. Rep., 986; International & G. N. Ry. Co. v. Simcock, 81 Texas, 504, 17 S. W. Rep., 47. The plaintiff requested a special charge (which the court gave) that they will not find for any amount for doctor's bill or medicine. This special charge conflicted with the main charge, and we can not say that the jury were governed by it, rather than the main charge."

It is insisted by appellee that the jury could not have been misled into a field of speculation without a suggestion, either by pleading or proof, into allowing anything for medicines, and that the appellant could not have been prejudiced by this error in the charge; that it is not to be presumed that the jury were misled into such an error. But this is no answer to the assignments. The jury might correctly have reasoned that since they were to receive the law of the case from the court in his charge, and since the court would not submit to them any issue which was not proper for their determination or which there was no evidence to

raise, that there was evidence arising from the facts and circumstances before them—such for instance as that there was a painful injury and considerable doctor's bill—which, if believed by them, would justify them in returning a verdict for the plaintiff for reasonable and necessary expenses for medicines. We can not presume, in order to avoid a reversal, that the jury ignored the court's charge and disregarded that portion of it under consideration. We will not presume that the jurors did that which they ought not to have done.

Some members of the court, however, are of the opinion that a more reasonable view is that the clause in the charge: "and for medicines, if any," evidently crept in by inadvertence, and that it did not have a feather's weight with the jury, there being neither pleading nor proof of any such item, and it being altogether a trivial matter. They think this slight error in the charge could hardly have misled a sensible jury, and that to treat it otherwise is to subordinate substance to mere theory, but feel constrained by the decisions above cited and others to adopt the conclusion above announced.

It is next insisted by appellee that inasmuch as the appellant in its motion for a new trial did not make this particular objection to the court's charge, but did attack it for other reasons, that it has waived the error and can not be heard to complain in this court. While a number of the authorities cited seem to support this contention, nevertheless the rule, as thus contended for, if it ever existed under our Supreme Court decisions, has been abrogated by the decisions in Clarke v. Pearce, 80 Texas, 146; Western U. Tel. Co. v. Mitchell, 89 Texas, 443, and Greer v. Featherston, 95 Texas, 654. In the case first cited, Justice Gaines says: "In regard to the rulings of the court upon exceptions to the pleadings, the admission of evidence, and in the giving or refusal of instructions a different rule prevails. Having once acted, it is not to be presumed that the judge will change his rulings; and hence in order to appeal from such action it is not necessary that it be made ground for a new trial. But it is always optional and proper to do so." This language is quoted with approval in the second case cited. We can conceive of no reason for holding that appellant is precluded from assigning error to a charge of the court which under the statute is regarded as excepted to, merely because he has seen fit to attack other parts of the charge, or the same part for a different reason, in his motion for a new trial in the court below. In attacking the charge in the motion for a new trial the appellant does nothing inconsistent with his right to assign errors upon the charge for each and every reason he may consider the same to be erroneous. While he may ask the trial court to review errors in the charge, he nevertheless is not compelled to do so.

We have discussed the question thus raised by appellee's insistence in this particular as though the motion for new trial did not raise the error of the charge in the particular referred to, but it is by no means clear that this assumption is correct, for the ninth assignment of error, which is: "The court erred in its charge as to the measure of damages," followed as it is by the proposition that no recovery is asked in the petition for medicine and there is no evidence of the value of the same,

clearly points out the error, and the language of this assignment constituted one of the grounds urged below in the motion for a new trial.

The other assignments, though not discussed, are all overruled, but for the reasons above given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*