### HOUSTON, EAST AND WEST TEXAS RAILWAY COMPANY v. B. W. McCARTY.

Decided October 27, 1905.

**1.—Argument of Counsel—New Trial.**

A violation of the rule which requires argument to be confined to the evidence and argument of opposing counsel, whether such violation is intentional, reckless or willful, is ground for new trial unless it appears probable that the verdict was not influenced by the improper argument, and the court's action in allowing it to pass without notice, or in restraining and rebuking counsel and instructing the jury to disregard it, is to be considered only in determining what effect or influence the argument had upon the jury.

**2.—Same—Railroad's Ability to Pay Damages.**

Statements to the jury by counsel for plaintiff in an action for personal injury, that if they should allow damages in the full amount sued for, it would not in the least affect the salary of $25,000 that counsel for defendant draws annually from such corporation, nor the running of a single train, nor interfere with a single employe, nor the clipping of a coupon from a single bond, held a gross violation of the rights of the defendant.

**3.—Carrier of Passengers—Defective Depot Platform.**

A passenger has the right to make a proper use of a station platform, although it may be in a defective condition, provided he uses it with care proportioned to the risk arising from its known or obviously defective condition.

**4.—Same—Obvious Condition—Charge.**

Where the court charged as to contributory negligence upon the theory that plaintiff knew of the defective condition of the platform, but did not charge as to its unsafe condition being so open and apparent that a reasonably prudent person would have discovered it, it was error to refuse a requested charge presenting that proposition where the evidence warranted it.

**5.—Personal Injury—Medical Expenses—Reasonableness—Remittitur.**

In an action for personal injuries where there is no evidence that expenses incurred by plaintiff for medical and surgical treatment were reasonable in

amount, a charge allowing recovery therefor is error, which may be cured, however, by a remittitur of the amount claimed in the petition for such expenses.

### 6.—Assumed Risk—Passenger—Defective Platform.

Where there was no evidence that a railroad station platform upon which plaintiff went was so defective that it would be dangerous to go upon it, the doctrine of assumed risk was not applicable, and a charge upon contributory negligence as to the effect of plaintiff's going upon the platform and moving about on it without the exercise of such care and caution as a person of. ordinary prudence would use in view of the known or obvious and apparent defective condition, was as favorable to the defendant company as it could require.

### 7.—Carrier of Passengers—Station Platform—Ownership—Use.

Where a platform is used by a railway company as a station platform, or by its passengers with its knowledge and consent in getting on and off trains, the company is bound to use ordinary care to keep it in a reasonably safe condition for such use, although the platform was built by, and is under the control of, a third person.

### 8.—Same—Passenger's Right of Use.

An intending passenger at a flag station has as much right to go upon the platform there for the purpose of flagging the train as for that of taking passage on the train when it stops.

### 9.—Personal Injury—Evidence—Habits of Injured Person.

Where the suit was for personal injuries, evidence as to plaintiff's use of intoxicants five years prior to the injury was properly excluded where counsel offering it stated that he was not prepared to show any effect upon plaintiff's present physical condition by reason of such use.

### 10.—Witness—Bias—Unfriendly Feelings.

A witness testifying for one party may properly be shown, either on his own cross-examination or by the testimony of another, to have unfriendly feelings for the opposing party, since this affects the weight to be given to his testimony.

Appeal from the District Court of Montgomery. Tried below before Hon. L. B. Hightower.

*Baker, Botts, Parker & Garwood,* for appellant.—1. Where argument of counsel goes beyond the facts proven upon the trial, and is calculated to prejudice the rights of a party, it is reversible error for the court not to take proper steps to correct it, a timely objection having been made by the party affected. Willis Bros. v. McNeil, 57 Texas, 474; Hanna v. Railway, 3 Texas Ct. Rep., 477, 65 S. W. Rep., 493; Western U. Tel. Co. v. Perry, 5 Texas Ct. Rep., 248, 69 S. W. Rep., 131; Texas & St. L. Ry. Co. v. Jarrell, 60 Texas, 268; Railway v. Cooper, 70 Texas, 70; Moss v. Sanger, 75 Texas, 321; Dillingham v. Seales, 78 Texas, 205; Ft. Worth & D. Ry. Co. v. Burton, 1 Texas Ct. Rep., 375, 60 S. W. Rep., 316; C. & R. I. Railway v. Musick, 8 Texas Ct. Rep., 262, 76 S. W. Rep., 219; Texas Cent. Ry. v. Parker, 8 Texas Ct. Rep., 612, 77 S. W. Rep., 42; Railway v. McLendan, 26 S. W. Rep., 307; Railway v. Jones, 11 S. W. Rep., 185; Railway v. Butcher, 83 Texas, 314; Railway v. Duval, 35 S. W. Rep., 699; Railway v. Rehm, 11 Texas Ct. Rep., 41.

2. The inference that an argument, such as is shown in this

case, is prejudicial, is drawn wherever the verdict seems excessive; or where, though not excessive, the preponderance of the evidence seems against the verdict; or where the evidence, being evenly balanced, the Appellate Court is not able to say whether the jury was influenced or not. See cases above cited.

3. The testimony shows that plaintiff knew, or was charged with knowledge of the defective condition of the platform, and, in going upon the same, he assumed the risk of so doing. Houston & T. C. v. Clemmons, 55 Texas, 88; Gulf, C. & S. F. v. Harris, 22 S. W. Rep., 237; Rucker v. Railway, 61 Texas, 499; Blake v. Railway, 78 Iowa, 57, 39 A. & E. R. Cas., 405; Hickey v. Railway, 14 Allen, 429; Texas & P. v. Bryant, 27 S. W. Rep., 825; Gulf, C. & S. F. v. Bolton, 51 S. W. Rep., 1085; Neville v. Railway, 59 S. W. Rep., 123; Louisville & N. R. Co. v. Keith, 58 S. W. Rep., 468; Peake's Admr. v. Louisville & N., 66 S. W. Rep., 995.

4. In a suit for damages on account of personal injuries the mere proof that doctor's bills were incurred and paid will not authorize their submission as elements of damages. It must be further shown that the bills were reasonable in amount. International & G. N. Ry. Co. v. Sampson, 2 Texas Ct. Rep., 1002, 64 S. W. Rep., 692; Galveston, H. & S. A. Ry. Co. v. Perry, 10 Texas Ct. Rep., 669, 8 A. & E. Ency. L., 2d ed., 646.

5. If it be true that defendant used, or permitted the public to use, Dixon's platform for the purpose of taking passage on trains, or in alighting therefrom, this did not authorize the use of it for the purpose of flagging trains, and the charge is erroneous in assuming that it did so. Robertson v. Railroad, 156 Mass., 525; Alabama, etc., Ry. Co. v. Stacy, 9 So. Rep., 349; Cincinnati, etc., Ry. Co. v. Peters, 80 Ind., 168, 173; 4 Elliott on Railroads, par. 1641.

6. The charge requires the jury to find that plaintiff knew of the defective condition of the platform before it could find that he was guilty of negligence in going upon it. This was error. If the defective condition of the platform was open and obvious, and would have been known to the plaintiff by the use of ordinary care, the jury was authorized to find him guilty of negligence in going upon the platform, just as if it found that he had actual knowledge of the condition of the platform. Gulf, C. & S. F. v. Hubbard, 70 S. W. Rep., 112; Texas & P. v. Cole, 66 Texas, 562; O'Connor v. Missouri Pac., 94 Mo., 157; O'Donnell v. Patton, 117 Mo., 13, 17; Spittorf v. State, 108 N. Y., 205, 216.

7. The condition of plaintiff's health and the strength of his constitution at the time of the injury were vital issues in the case affecting the measure of damages and the question of liability. The testimony offered by the defendant and excluded by the court, as to plaintiff's use of liquor, was pertinent as bearing upon plaintiff's condition of health and his strength of constitution at the time of the injury and the probable duration of his life. The court, therefore, erred in excluding the testimony offered. Texas, etc., Ry. v. Douglas, 73 Texas, 325; Boggess v. Railway, 118 Mo., 328, 23 S. W. Rep., 159, 24 S. W. Rep., 210; Devoe v. Van Vrauken, 29 Hun, 201.

*A. C. Allen* and *Brockman & Kahn,* for appellee.—1.   The remarks complained of, had they not been corrected by the court and withdrawn by counsel and the jury told they were not seriously made, still did not go to the cause of action itself, but could only have borne on the amount to be awarded and this, as stated, being so low for injuries of such character, refutes the idea that the jury could by any possibility have been lead by such remarks to give more than they otherwise would. Railway v. Shelton, 8 Texas Ct. Rep., 178; Ewing Case, 1 Texas Civ. App., 531; Railway v. Kelley, 80 S. W. Rep., 1073.

2.   It was not error for the court to refuse to permit evidence that plaintiff four or five years before he was injured on the platform was addicted to drinking, etc., and took the Keeley Cure for drinking, especially when the court said that he would admit it if counsel would state that they would follow it up by proof connecting his health with the drinking, etc., four or five years ago.   Harvey v. Edens, 69 Texas, 433; Griffith v. Lake, 12 S. W. Rep., 285; DeWate v. Railway, 22 Texas Civ. App., 409.

REESE, ASSOCIATE JUSTICE.—Appellee sued appellant to recover damages for personal injuries alleged to have been received by him from having stepped on a rotten plank in a platform adjoining appellant's track at Pauli, a flag station on appellant's line of railway, and fallen through.   According to the allegations of appellee's petition he had gone, about six o'clock p. m., to Pauli, to take the train for Houston.   Having bought a ticket from appellant's agent he went upon the platform used for such purpose for the purpose of signalling to stop the train which was then about to arrive and was in sight.   After mounting the platform for this purpose, seeing the train about two miles away and too far to be signalled, and while waiting for it to get near enough to be signalled and to board it when it stopped, one of the planks in the platform on which appellee stood, suddenly and without warning gave way, causing him to fall through the platform with great force, whereby he received the injuries complained of.   It was alleged that the platform was negligently allowed by appellant to become and remain so rotten and unsound that it was not sufficient to sustain appellee's weight, and that there was nothing to indicate this condition to him.

Appellant answered by general demurrer and general denial, and specially pleaded contributory negligence and assumed risk by appellee; that if the platform was defective, the fact was well known to appellee, or could have been discovered by the use of ordinary care; that the defects were apparent and obvious, and if he received any injuries, it was through his own want of care, and the risk was assumed by him.   Appellant further pleaded that the platform was the private property of one S. H. Dixon, under his exclusive right and control, and that it was not the duty of appellant to keep the same in repair.

Verdict and judgment against appellant, from which, motion for a new trial having been overruled, this appeal is taken.

It is assigned as error, that the court permitted counsel for appellee in his closing argument, to state to the jury the following: "In this case, gentlemen of the jury, plaintiff sues for $25,000, and, in fixing his damages against defendant, if you were to give him the full amount

sued for, it would not in the least affect the salary of $25,000, or $75,000 or $100,000 that Mr. Feagin, counsel for defendant, draws annually from this corporation." Again at a different time: "Gentlemen, if you were to give to plaintiff as damages in this case the full amount of $25,000, for which he sues, it would not in the least affect or interfere with the clipping of a coupon from a single bond owned by this corporation." And again and at another time: "I can, and do, say to this jury this: If you give the plaintiff the full amount sued for, it will not in the least affect the running of a single train, or interfere with a single employe on defendant's road, nor will it diminish its trains, or affect the schedule of the same."

Bills of exception appear in the record, from which it appears that when the first statement was made and when exception was taken by counsel for appellant, "the court mildly rebuked counsel for making such remarks, and told the jury that the financial condition of the parties had nothing to do with their findings, and the jury must disregard them," whereupon appellee's counsel withdrew the remarks and said that he was not speaking seriously. Upon the second occasion, upon objection made, the court orally stated to the jury that whatever amount the company might own or owe had nothing to do with the case, and they would not consider the remarks of appellee's counsel in reference thereto. Upon the third occasion, when objection was made, nothing was said by the court, but counsel for appellee said to the jury that he wanted them to try the case upon the law and facts and nothing else.

Whether such was the deliberate purpose of this argument or not, certainly the effect calculated to be produced was to place in the minds of the jury the idea that the means and ability of appellant to pay any judgment that might be rendered against it was a matter proper for their consideration. This might as reasonably influence a verdict for the plaintiff upon evidence which would not otherwise have been sufficient, as a verdict in excess of the amount which would otherwise have been awarded. Whenever the rule, which requires argument to be confined to the evidence and argument of opposing counsel, is violated, whether it be done unintentionally, recklessly or wilfully, there is a violation of the right of the opposing party to have the argument so confined, and a new trial should be granted unless it appears probable that the verdict was not influenced by the improper argument. Dillingham v. Scales, 78 Texas, 205. So far as the rights of parties are concerned, the action of the court in such cases in allowing the improper argument to pass unnoticed, or in restraining or rebuking counsel and instructing the jury to disregard it, is to be considered only in determining what effect or influence such argument has had upon the jury in the light of the action of the court as a counter influence.

In this case the remarks of counsel as set out in the record were improper. The persistence of counsel in his endeavor to lodge in the minds of the jury the idea that the ability of appellant to pay, without inconvenience or interruption of its business, was a matter proper for their consideration; although rebuked and sought to be corrected by the court, was so much calculated to improperly influence the jury and was so gross a violation of appellant's right that we would be

strongly inclined to reverse the judgment and grant appellant's new trial on this ground alone, if there was no other error in the record.

Appellant requested the court to instruct the jury as follows: "If you believe from the testimony that the platform through which plaintiff claims to have fallen was in a dilapidated or unsafe condition, which was open and apparent to a reasonably prudent and cautious person, and such a person, under the circumstances, and under such opportunity as plaintiff had to know the condition of the platform, would have discovered that such platform was in a dilapidated or unsafe condition, or had holes in it, then you are charged that plaintiff would be presumed to know of such conditions, and know of the holes in the platform, and if, under the circumstances, you believe that plaintiff went upon the platform and was in any way negligent in moving about or stepping upon the platform, and he was thus hurt by stepping in a hole in the platform, or by a plank therein breaking, and he was thus thrown or fell, and was injured, then plaintiff is not entitled to recover in this case, even though you may believe defendant was negligent."

This charge should have been given. The jury had been properly instructed that the uncontradicted evidence showed that the platform was in a defective condition. Appellee himself testified that he had frequently been upon the platform, and although he testified that he had never noticed that the planks were rotten, there was evidence tending to show that its defective condition was so open and apparent that any man of ordinary capacity, having the opportunity, would have observed it, and that appellee had such opportunity. In such case, while appellee would still have had the right to make use of the platform by going upon it to signal the approaching train, and take passage upon it, its dilapidated and defective condition, if known to him, or if so apparent and obvious that he must have discovered it by the use of ordinary care, would have imposed upon him, in the use of ordinary care, the obligation to use such circumspection and caution in moving about on the platform as a person of ordinary prudence and caution would have used under such circumstances. This would, of course, require a greater degree of care than would be required in case of a platform sound and free from defects, or apparently so. A man of ordinary care would use more care and caution in walking upon a platform with holes in it, or rotten planks, than one free from these defects, and although he may have the right still to use the platform, such use must be with care proportioned to the risk arising from its known, or obvious and apparent condition. Penn. Co. v. Marion, 123 Ind., 415.

The court instructed the jury that if the appellee knew the defective condition of the platform, and that a person of ordinary prudence, having such knowledge, would not have gone upon and walked upon it, he could not recover. This did not present the proposition covered by the requested charge, nor was this point clearly and specifically presented by the general charge on contributory negligence. In such case it was error to refuse the requested charge, in view of the specific allegations of appellant's answer setting up the facts and the evidence

in support thereof. Missori, K. & T. Ry. Co. v. Trawick, 84 Texas, 73; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 638.

The court also erred in instructing the jury, upon the measure of damages, that they might take into the estimate, among other things, the medical and surgical expenses incurred by the appellee. There was no evidence that the money paid and expenses incurred on this account were reasonable in amount. Missouri, K. & T. Ry. Co. v. Warren, 90 Texas, 566, 40 S. W. Rep., 6. This error however could be obviated by a remittitur of the amount claimed in the petition on this account, and would not require a reversal of the judgment.

We do not think the court erred in refusing the special charge asked, to the effect that if a reasonably prudent person would have known of the danger of going upon the platform and moving about thereon in the manner appellee did, appellee assumed the risk incident thereto and would not be entitled to recover, and in failing to charge upon assumed risk further than was done in the charge given, hereinbefore referred to. The doctrine of assumed risk is not applicable to any phase of this case as presented by the evidence. There is no evidence to support the theory that the platform was so defective that it would be dangerous to go upon it, or move about on it. There was evidence tending to show that its condition was such that a person of ordinary prudence would have exercised more care in walking about on it than upon a platform without these defects, but even in such case appellee had the right to go upon the platform for the purpose indicated, and would only be held to the use of such care and caution in moving about on it as a man of ordinary prudence would have used under like circumstances.

The charge given as to the effect of appellee's going upon the platform with a knowledge of its defective condition, and imposing upon him all of the consequences of doing so, if a person of ordinary prudence with the knowledge would not have gone upon it, was quite as favorable to appellant as the evidence justified.

The cases cited by appellant in support of the proposition presented with regard to assumed risk we do not think applicable. There is no analogy between this case and that of a passenger riding in a place where he has no business to be, instead of the place provided for him, or voluntarily alighting from the train at an unusual place, knowing it to be such, or from a moving train, or of a servant using a defective tool. The appellee was properly upon the platform, and was only required to use such care as a person of ordinary prudence would use under the circumstances, in walking upon it, having regard to its known or obviously defective condition.

The court did not err in charging the jury that if the platform was being used by the defendant company for a platform which persons intending to take passage on or alight from its trains could get on or off its trains at Pauli station, then it was the duty of defendant company to use ordinary care to keep and maintain it in a reasonably safe condition for the purpose for which it was being used. It did not matter that the platform was built by, and was under the control of, Dixon, if it was used by defendant company as indicated in the charge, or by its passengers with its knowledge and consent in getting on or off its trains. Hutchinson on Carriers, sec. 519; Railway v. Long, 81

Texas, 253; Beard v. Railway, 48 Vt., 101; Keefe v. Railway, 142 Mass., 251; Collins v. Railway, 80 Mich., 390. The evidence showed that at the time appellee went upon the platform the train was in sight and was due in a few minutes. He had as much right to go there for the purpose of flagging the train, as for taking passage on it when it arrived.

· It was not error to sustain the appellee's objection to the question propounded to appellee as a witness, as to his use of intoxicants five or six years previous to the alleged accident, in view of the statement of appellant's counsel, in reply to the question of ·the court, that he was not prepared to show any effect upon appellee's present physical condition by reason of such use, as shown by the bill of exceptions upon this point. Nor was there error in allowing appellee to prove by the witness Mrs. B. W. McCarty the feeling of witness McMichael towards appellee. McMichael having testified in behalf of appellant to a material matter, his feeling towards appellee, if unfriendly, was material as affecting the weight to be given to his testimony, and might properly be shown either by his own testimony on cross-examination, or by the testimony of any other witness.

This disposes of all the assignments of error necessary to be considered in view of the disposition we have made of the case. For the errors indicated the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*