TEXAS & PACIFIC RAILWAY COMPANY v. GEORGE GRAFFEO ET AL.

⁻Decided February 6, 1909.

**1.—Railroad—Damage by Fire—Assignment of Error.**

In a suit against a railroad company for damages for the destruction of an asparagus bed caused by fire which defendant negligently permitted to escape from one of its engines, under an assignment of error that there was "no evidence" as to the value of the asparagus bed, the Appellate Court is not required to determine the sufficiency of the evidence to support the verdict. Evidence considered and held sufficient to show that the asparagus bed had some value.

**2.—Same—Damages—Pleading—Charge.**

Where the evidence tends to show that the damage is greater than that claimed in the petition, it is reversible error for the court to fail to limit the amount of the recovery to that alleged.

**3.—Same—Destruction of Orchard—Measure of Damages.**

The true measure of damage for the total destruction of an orchard growing upon land is the difference in value of the land just before and just after the loss.

**4.—Appeal—Costs.**      .

·    When a reversible error in the charge of the court is not called to the attention of the court in the motion for new trial, the cost of the appeal should be taxed against the appellant.

Appeal from the District Court of Tarrant County.    Tried below before Hon. Irby Dunklin.

*W. L. Hall* and *Spoonts, Thompson & Barwise,* for appellant.

*Capps, Cantry, Hanger & Short* and *Theodore Mack,* for appellee.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment in favor of appellees for the sum of fifteen hundred dollars as damages caused by fire, which burned appellees' garden and vineyard, and which was negligently permitted to escape from one of the appellant's engines.

Objection is made to the court's charge on the measure of damages with reference to the asparagus bed that was burned. It is first insisted that there was "no evidence" as to the reasonable value of the asparagus bed, and that the issue hence should not have been submitted to the jury. The same contention is made in different forms under the third and fourth assignments of error. One of the witnesses, George Lunetta, testified, among other things, that the asparagus bed was about one hundred and fifty feet by about four hundred feet, and that it was all burned off; that asparagus is a vegetable for table use and sold upon the market in bunches, and

that the heat went through and killed the roots, and that it would cost "about three or four hundred dollars to go there and repair that asparagus bed." This, with other evidence, we think, at least tends to show that the asparagus was of value, and we are not called upon by any assignment to determine its sufficiency to sustain the verdict.

The further objection to the charge, however, seems to be well taken. The instruction was that if the jury found for the plaintiff they would allow the reasonable value of the asparagus bed destroyed at the time of its destruction, without limiting the recovery in this respect to the amount claimed therefor in the petition, to wit, two hundred dollars. This should have been done when, as here, the evidence of its value would have authorized a recovery for "three or four hundred dollars." See City of Dallas v. Jones, 93 Texas, 38. We will not reverse the judgment, however, because of this error, inasmuch as appellee in answer to the objection has offered to remit the sum of two hundred dollars, which will be entered.

It is further insisted under the second and fifth assignments of error that there was no evidence as to the value of the peach trees growing upon the burned ground, and that therefore the court should not have submitted any depreciation in the value of the land which may have been caused by reason of the destruction of the trees. We find no merit in this contention. There was proof to the effect that twenty-six bearing peach trees were destroyed; that a reasonable yield for a peach tree was from three to five bushels, worth from seventy-five cents to a dollar and a half per bushel. Besides, the true measure of the damage for the destruction of the growing trees and grapevines entirely destroyed was, as submitted by the court, the difference in the value of the land just before and after the burning, as to which there was ample evidence.

The evidence sustains the material allegations of appellees' petition, and finding no · error other than that pointed out it is ordered that the judgment below be reformed and affirmed in the sum of thirteen hundred dollars, with interest as specified in the judgment, and inasmuch as the error requiring the remittitur was not called to the attention of the court below in appellant's motion for new trial or otherwise, the costs of the appeal will be taxed against appellant.

*Reformed and affirmed.*

Writ of error refused.