## Northern Texas Traction Company v. M. R. Brigance.

### Decided May 5, 1910.

**1.—Negligence—Accident—Charge.**

A plea and evidence supporting it which sought to excuse the act of negligence charged, as being a mere accident, was only, in effect, a denial of negligence. The charge having directed a finding for defendant unless the negligence was proven, it was not error to refuse a requested instruction relieving defendant from liability if the injury was due to unavoidable accident.

**2.—Carriers of Passengers—Contributory Negligence.**

The act of plaintiff intending to take passage on a trolley car in standing four feet from the track on the level surface prepared by the carrier for that purpose, did not present the issue of his contributory negligence in thus exposing himself to being struck by an object thrown from the car by the motorman, which was the cause of his injury.

**3.—Judge and Jury—Urging an Agreement.**

Remarks of the judge to a jury disagreed only on the amount of damages, urging on them a further effort to reach a verdict, considered and held not to show the exercise of undue influence upon their action.

**4.—Practice on Appeal—Damages—Remittitur.**

The submission to the jury, as an element of damages, of alleged expenses for medicines of which there was no proof, was error, but was capable of being cured on appeal by remitting all of the recovery which, under the pleading and charge, could be ascribed thereto.

Appeal from the District Court of Tarrant County. Tried below before Hon. W. T. Simmons.

*Capps, Canty, Hanger & Short,* for appellant.—The court should have given the charge on unavoidable accident. Trinity L. Co. v. Denham, 19 S. W., 1012; Rea v. St. Louis S. W. Ry. Co., 73 S. W., 555.

The evidence raised the issue of contributory negligence. Northern Texas Trac. Co. v. Jamison, 85 S. W., 305; Atchison, T. & S. F. Ry. Co. v. Click, 23 S. W., 833; Houston & T. C. R. Co. v. Kimball, 43 S. W., 1049; Galveston, H. & S. A. Ry. Co. v. Seligman, 23 S. W., 298; Western U. Tel. Co. v. Drake, 29 S. W., 919; International & G. N. R. Co. v. Neff, 28 S. W., 285, Texas Supreme; International &· G. N. R. Co. v. Sein, 28 S. W., 286, Texas Supreme; Houston & T. C. R. Co. v. Stewart, 37 S. W., 770; Railway Company v. Glamory, 35 S. W., 1058; Gulf, C. & S. F. Ry. Co. v. Albright, 26 S. W., 250.

It is reversible error for the court to submit to the jury an issue not raised both by the pleadings and the evidence. Gulf, C. & S. F. Ry. Co. v. Moore, 6 S. W., 631, Texas Supreme; Texas & P. Ry. Co. v. Levi & Bros., 59 Texas, 674; Railway Company v. Wilson, 60 Texas, 143.

No briefs for appellee.

WILLSON, Chief Justice.—While standing at the place at ·Stop 6 on its line of railway provided by appellant for the use of persons

who might wish to take passage on its cars, appellee, an old man sixty-three years of age, about four o'clock on the afternoon of January ——, 1908, was struck in the face by a package of papers weighing about five and one-half pounds thrown or dropped by the motorman in charge of one of appellant's cars, as such car, moving rapidly, passed said stop.  In an action for damages brought by appellee against appellant and the Haggerty Transfer and Warehouse, after dismissing his suit as against the latter, appellee recovered against the former a judgment for $1,000.

*After stating the case as above.*—The sufficiency of the evidence to support the findings of the jury that appellant was guilty of negligence, and that appellee was damaged in the sum specified in the verdict, is. not questioned on this appeal.

In its answer appellant set up that the injury to appellee was the result of unavoidable accident.  The court refused to give to the jury special charges asked by it submitting such an issue, and his refusal is made the basis of the first and third assignments of error.  The testimony relied upon as having made such an issue was that of the witness Redding, "to the effect," as stated in appellant's brief, "that it had been the custom for the motorman to carry out the evening papers and drop them off at Stop 6 as the car went by the station; that on the evening in question, as the car neared the station traveling at a reasonably fast speed, as was customary at that point, witness, using his right hand to operate the car, picked up the papers with his left hand and leaned over towards the open window, saw plaintiff standing about a car's length down the track, put the papers out of the window and dropped them, but instead of the papers dropping straight down to the ground, as witness expected they would, they were unexpectedly caught up by the air current and suction of the car and carried along with the car and blown against plaintiff; that witness and the motormen had been dropping off papers at the same point at the same time without injuring any one; that witness did not have any idea that the papers would hit plaintiff; that it was simply an unavoidable accident due to the unexpected and unforeseen action of the air current and suction of the moving car on the papers." The effect of the plea setting up that the injury suffered by appellee was referrable entirely to the accident, we think was merely to deny that the motorman had been guilty of negligence; and the effect of the testimony recited was merely to make an issue as to whether he had been guilty of negligence or not.  In his main charge the court instructed the jury to find for appellant, unless they believed from the evidence that the motorman had been guilty of negligence, and, in a special charge given at appellant's request, he had instructed them to find for it if they believed the motorman had used ordinary care and had not been negligent.  The effect of the charges refused simply was to tell the jury to find for appellant if they believed the motorman had not been negligent, and to have given them would have been a mere repetition of instructions already given.

In a trial amendment to its answer appellant alleged that appellee was guilty of negligence contributing to the injury he suffered, in that he was standing at Stop 6 on its track as the car approached at

a rapid rate of speed, and "continued to stand about four feet from said track until said car reached him, and as same was passing at said rapid rate of speed said plaintiff, while in this position, was struck by the bundle of papers which were thrown or dropped from said car by the motorman, and carried forward with the car and by its momentum until same struck the plaintiff; that plaintiff knew or should have known of the danger of standing so close to said track and while said car was passing, and the danger of same was open and apparent to him." In his main charge the court omitted to submit as an issue for the jury contributory negligence on the part of appellee, and refused appellant's special charge submitting such an issue. We do not think the action of the court as stated was error. For the use of its patrons in getting off and on its cars at Stop 6 appellant had graded to a level and covered with cinders a strip of its right of way about fifty feet long east and west, and extending from the ends of the ties on its track north five or six feet. Near the west end of this strip it had erected a shed ten or twelve feet wide as it fronted the track of appellant's line of railway. The testimony on the part of appellee was that he was standing at the time he was struck by the package about four or five feet from the southwest corner of the shed and about the same distance from the track of the railway—"on the place," the witness Allard stated, "provided for passengers on the line there to get off and on the cars." The testimony on the part of appellant was to about the same effect. Its roadmaster, Hunter, stated that appellee was standing "on the place prepared for passengers to get on and off the cars," and the motorman, Redding, testified that appellee was standing on the east end of the cinder walk, about 20 feet from the center of the shed and about four feet from the track. It is clear, we think, that the testimony referred to did not raise an issue as to contributory negligence on the part of appellee.

The complaint in the eighth assignment of error, that the court in addressing the jury used the language therein set out, is not supported by the record. The jury had been deliberating upon their verdict from an early hour Saturday morning until about 4:30 o'clock in the afternoon, when, according to the bill of exceptions in the record, the court, having had them brought into open court, addressed them as follows: " 'I do not care for you to tell me how many are for the plaintiff or how many are for the defendant, but I want to know how you are divided.' The foreman spoke up and said. 'We are all for the plaintiff, but we can not agree upon the amount of damages due him.' In reply the court said: 'If that is the case I can not discharge you people. I have held jurors several days together when they were claiming that they could never agree, and they would afterwards change their minds and agree. Twelve jurors will eventually have to settle this lawsuit, and I think you are all fair-minded, intelligent jurors, and do not feel that I would be justified in discharging you at this time. Of course I would not, under any circumstances, try to force a verdict, and would not want any juror to agree to a verdict that was not in keeping with his honest convictions, but I will be

bound to hold you people together longer. Now, you gentlemen all take a cigar with the court, go back and deliberate over this matter, and see if you can not get together. You only have a short time this afternoon, and if you can not agree you will be excused until next Monday morning, when you would resume your deliberations.' " However meritorious, when applied to the remarks to the jury attributed to the court in the assignment, might be appellant's insistence that they "constituted undue influence upon the part of the court upon the minds of the jury, and unduly influenced and caused the jury to return a verdict in favor of the plaintiff," we think it is without merit when applied to the remarks of the court as set out in the record, copied above.

Appellee alleged, as an element of the damages he sought to recover, that he had "expended for medicine and physician's services the reasonable sum of, to wit, $15." The physician who attended him testified that the amount he charged for his services "was probably over $15 and under $25," and that "that was a reasonable charge for the first service" he performed for him. It was not shown that appellee had expended anything for medicines. By his charge the court directed the jury, if they found for appellee, to include in their verdict "such reasonable sum, if any, as he may have expended for medicines and physician's services in the necessary treatment of his said injuries, if any, not to exceed the sum alleged in his petition." The instruction is attacked as erroneous, and we agree that it was, in so far as it authorized the jury to find for appellee any sum on account of expenditures by him for medicines. Northern Texas Traction Co. v. Jamison, 38 Texas Civ. App., 55, 85 S. W., 305; Passmore's Instructions to Juries, sec. 111. But we do not think the error in the charge need necessarily result in a reversal of the judgment. If the jury regarded the instruction given them by the court—and we should assume they did regard it—the amount found by them on account of expenditures by appellee for medicines could not have exceeded the sum of $15. If appellee sees proper within fifteen days from the date of the filing of this opinion to file with the clerk of this court a remittitur of said sum of $15 the judgment will be reformed and affirmed for the sum of $985; otherwise it will be reversed and the cause will be remanded for a new trial. International & G. N. Ry. Co. v. Brazzil, 78 Texas, 314, 14 S. W., 610.

*Affirmed on remittitur.*