### INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY V. ANNIE M. WHITE ET AL.

#### No. 2089. Decided November 16, 1910.

**1.—Verdict—Death—Damages—Apportionment.**

The requirement of article 3027, Revised Statutes, that in action for injuries resulting in death, the jury give such damages as they may think proportionate to the injury" and divide the amount so recovered among the persons entitled to the benefit of the action, is met by a verdict which finds the several amounts awarded to each of the parties entitled, without first finding the total recovery and then apportioning it. (Pp. 569, 570.)

**2.—Death—Damages—Evidence—Expectation of Assistance.**

In an action for injuries resulting in death, caused to the wife, the minor children and the mother of deceased, it was error to permit the latter to testify that she "expected" assistance from him in the future, this being a mere surmise or speculation of the witness. (P. 570.)

**3.—Error—Curing by Remittitur.**

Error in the admission of evidence affecting only the amount of damages awarded to the mother' of deceased, in an action for injuries resulting in his death brought by his widow, children and mother, may be cured by a remittitur by the latter of the amount awarded to her as damages. (Pp. 570, 571.)

**4.—Injuries by Death—Statute—Pending Suits.**

The Act of April 13, 1909 (Laws 31st Leg., p. 279) relating to employer's liability does not affect the procedure in suits pending at the time of its enactment and brought under the former law, these being expressly excepted from its operation by section 5 of such Act. (P. 570.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

Mrs. White and others brought suit and recovered judgment against the railway company. Defendant appealed and obtained writ of error on its affirmance.

*S. R. Fisher* and *S. W. Fisher (Jno. M. King,* of counsel)' for plaintiff in error.—The verdict of the jury is informal and void, be-

cause it does not first find the amount of damages sustained by plaintiffs collectively and then apportion such sum to and among the several plaintiffs. Rev. Stats., art. 3027; International & G. N. R. R. Co. v. McVey, 99 Texas, 29-33; Galveston, H. & S. A. Ry. Co. v. Worthy, 87 Texas, 459; Merchants' & Planters' Oil Co. v. Burns, 96 Texas, 581.

Where, as here, the action is authorized in derogation of the common law, and a specific method of procedure is provided by statute, it must be strictly pursued. Railway Co. v. Moore, 49 Texas, 46; March v. Walker, 48 Texas, 376; Railway Co. v. LeGierse, 51 Texas, 199; East Line & Red River Railroad Co. v. Culberson, 68 Texas, 664; Sutherland on Statutory Construction, sec. 392; 23 Am. & Eng. Ency. of Law, Title, Statutes, page 402; Chicago & N. E. Ry. Co. v. Sturgis, 44 Mich., 538; Hunt v. Burns, 90 Minn., 172; Smith v. B. & A. Ry. Co., 91 N. Y. Supp., 412.

Where there is no evidence to the effect that the deceased had contributed to the support of his mother, it was not permissible to permit her, when examined as a witness, to state that, had he lived, she expected to receive assistance from him, such statement being of a mere surmise or speculation.

This court has no right, either upon its own motion or upon suggestion by defendants in error, to accept a remittitur and reform and affirm the judgment so reduced. Texas & N. O. Ry. Co. v. Syfan, 91 Texas, 562-569. It is to be observed that the statute (Rev. Stat., art. 3027) requires that but one suit shall be brought by or in the interest of the beneficiaries, and that but one verdict and judgment is authorized,—that in such proceedings it is not competent to return several verdicts and several judgments.

*J. B. Rector* and *James H. Robertson,* for defendants in error.— The verdict of the jury is clear, definite, and intelligible and is not void because it does not in express terms find the aggregate amount of damages sustained by plaintiffs collectively and then apportion such sums to and among them severally. Heidenheimer v. Johnson & Co., 76 Texas, 206; Railway Co. v. White, 76 Texas, 102; Paterson v. Allen, 50 Texas, 26; International & G. N. R. R. Co. v. Johnson, 55 S. W., 787; Burton v. Bodes, 2 Texas, 204.

The evidence of Mrs. Sarah White that she had expected assistance from him in the future if he had lived, was not a statement of a mere "surmise or speculation," as claimed by appellant, but is a statement as to a fact; and Mrs. White, having stated the facts as to his having assisted her in the past, was properly permitted by the court to testify to this fact. The damages she was entitled to recover was the pecuniary loss sustained by her by reason of his death, that is the reasonable value of aid and assistance she had a reasonable expectation of receiving from him in the future, had he not been killed. Railway Co. v. Lee, 70 Texas, 507; Galveston, H. & S. A. Ry. Co. v. Hughes, 54 S. W., 266; Winnt v. International & G. N. R. R. Co., 74 Texas, 32.

If it shall be held by this court that the admission of this testimony was reversible error, then the error could only affect the verdict and judgment of $2,000 rendered in favor of the mother, Mrs.

Sarah White, and such error could be cured by the reversal of that part of the judgment in her favor, without disturbing the judgment in favor of the other plaintiffs. Gen. Laws, 1st Called Session, 31st Legislature of Texas, page 279, Chapter X; Galveston, H. & S. A. Ry. Co. v. Jackson, 93 Texas, 266.

If the court shall hold that the admission of said evidence constituted reversible error, and that a reversal of the judgment in favor of the defendant in error, Mrs. Sarah White, alone, with an affirmance of the judgment in favor of the other defendants in error can not properly be had, then defendants in error here now offer, as they did in the Court of Civil Appeals to enter a remittitur of the judgment of $2,000 in favor of Mrs. Sarah White, and it appearing that no injury could possibly have resulted to plaintiff in error on account of the error complained of beyond the amount of the judgment in favor of Mrs. Sarah White, upon remitting the judgment in her favor the other defendants in error are entitled to an affirmance of the judgment in their favor. City of Dallas v. Jones, 93 Texas, 47; Bank v. Taylor, 91 Texas, 78; Fidelity & Casualty Co. v. Alibone, 90 Texas, 660.

MR. JUSTICE BROWN delivered the opinion of the court.

This suit was instituted by Annie M. White in her own right as surviving wife of Bertie White, deceased, and as next friend of their minor children, Henry Edward White and Bertie Lee White, joined by Sarah White, the mother of the said deceased, in which they seek to recover damages for the death of Bertie White, which they charge to have been caused by the negligence of the defendant in the construction and maintenance of a spur track, or switch, in the yards at Austin, and because of the negligence of the defendant in operating its cars on which Bertie White was employed at a dangerously high rate of speed.

It was alleged in the petition and shown by the evidence that Bertie White was in the employ of the plaintiff in error as a switchman in its yards in the city of Austin, and that, while engaged in the performance of his duty, he was riding upon a car on the spur track of the said company which car was derailed and he was thereby killed. The relationship of the plaintiffs to the deceased is not disputed. Upon a trial of the case the jury found in favor of the plaintiffs as follows: For the wife $7,000, to each of the children $8,000, and to the mother $2,000.

The railroad company presents the case to this court upon thirty-seven assignments of error, but we shall only consider two of them, the others being unimportant.

By the first assignment of error in this court the railroad company urges that the verdict of the jury is informal and void, because it does not first find the amount of damage sustained by the plaintiffs collectively, and then apportion such sum to and among the several plaintiffs. The verdict of the jury was as follows: "We the jury find a verdict for the plaintiffs and fix the damages as follows:" Giving the names and amounts as above stated. Article 3027 of the Revised Statutes reads as follows:

"The jury may give such damages as they may think proportioned

to the injury resulting from such death; and the amount so recovered shall be divided among the persons entitled to the benefit of the action, or such of them as shall then be alive, in such shares as the jury shall find by their verdict."

The statute is susceptible of the construction that counsel for the plaintiff in error puts upon it, or at least the jury might proceed in that way, but a long line of decisions has established the correctness of the verdict as expressed in this case. There is, in fact, no practical difference in the form of the verdict which the plaintiff in error claims to be the proper method of procedure and that in which this jury and all others that the writer remembers to have observed, have pursued. If the jury had expressed in the verdict that they found $25,000 for plaintiffs and apportioned that sum as in the verdict, the same result would have been reached. We are of opinion that there is no such error in this regard as calls for the intervention of this court and a reversal of the judgment, therefore, that assignment is overruled.

By its thirty-fourth assignment the plaintiff in error presents to this court the error of the trial court in overruling its objection to the testimony of Mrs. Sarah White, who, being upon the stand, testified as follows: "Bertie White helped me all he could in the past, all he was able to." Whereupon her attorney propounded to her this question: "Mrs. White, if Bertie White had lived, state whether or not you would have expected any assistance from him in the future." To which question the defendant by counsel objected because it called for a mere surmise or speculation of the witness. The court overruled the objection and Mrs. White answered: "Yes sir." We are of opinion that the court erred in permitting this statement of Mrs. White to go to the jury. It embodied simply her opinion as to what her son might do in the future. It was sheer speculation without a basis to rest upon. The evidence upon this point was not of such definite and conclusive character as to render her statement immaterial. We are unable to say that without this statement the jury would have found for Mrs. Sarah White as they did, therefore, we must hold that the trial court erred in admitting this evidence and the Court of Civil Appeals erred in sustaining that action.

The attorney for Mrs. Sarah White comes into court and submits in writing the proposition that if this court should find it necessary to reverse the judgment on account of this error, that she will remit to the plaintiff in error the sum recovered by her in the trial court. Counsel, however, contend that under an Act of the Legislature approved April 13, 1909, being Chapter 10 of said Act, page 279, this court has the power to reverse the judgment and remand the case as to Mrs. Sarah White, and to affirm the judgment as to the others, relying upon the following language: "If all parties be not before the court, the action may proceed for the benefit of such of said parties as are before the court." But section 5 of said Act contains a provision that the Act shall not affect the procedure in any pending case or right of action under the laws of the State. This suit was instituted on the 3d day of April, 1908, and was pending at the time law referred to was enacted, therefore, its pro-

visions can not apply to this case. We are, therefore, constrained to hold that we would be required to reverse the entire judgment and remand the cause, except for the proposition of Mrs. Sarah White to relinquish her portion. We are not able to see that the finding in favor of Mrs. Sarah White could in any way have increased the damages found for the other plaintiffs, therefore, we conclude that upon the remittitur being entertained by Mrs. Sarah White, the judgment should be affirmed as to the other plaintiffs. Plaintiff in error to recover the costs of appeal and of this writ of error.

It is therefore ordered that the judgment in favor of Mrs. Annie M. White in her right as surviving wife and the judgment in favor of her as next friend of her minor children be affirmed.

*Affirmed on remittitur.*