**INTERNATIONAL–GREAT NORTHERN R. CO. v. COOPER.   (No. 8994.)** *

Court of Civil Appeals of Texas.   Galveston.
June 2, 1927.

Rehearing Denied June 23, 1927.

**1. Appeal and error ⬿1069(1)—Any misconduct of jury in considering attorney's fees and doctors' bills in fixing damages in personal injury action held cured by remittitur (Rev. St. 1925, art. 2227).**

Any misconduct of jurors in considering attorney's fees and doctors' bills in fixing damages in personal injury action *held* cured by remittitur, under Rev. St. 1925, art. 2227, of maximum amount by which verdict could have been affected thereby, in absence of showing of passion or prejudice; article 1862 not being applicable.

**2. Evidence ⬿528(2)—Admission in evidence of expert opinion testimony that abnormal condition of injured passenger proximately resulted from injuries held not error.**

In action for personal injuries sustained by passenger in train wreck, admission in evidence of physician's testimony that in his opinion the abnormal condition he found plaintiff suffering from, and which he detailed, was the proximate result of the injuries received, *held* not error, and fact that in a prior deposition witness had also mentioned another condition as another result of the injury, which answer court excluded, was immaterial.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Grace Hudson Cooper against the International-Great Northern Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Andrews, Streetman, Logue & Mobley, Wolters, Blanchard, Woodul & Wolters, and H. P. Pressler, Jr., all of Houston, for appellant.

Ewing Werlein, of Houston, for appellee.

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted November 9, 1927.

GRAVES, J. This statement from appellant's brief, amended so as to show that the jury's verdict was first split up into three items, is admitted to be correct:

"Grace Hudson Cooper, appellee herein, instituted this suit against the International-Great Northern Railroad Company, appellant herein, to recover damages in the sum of $30,-000 for personal injuries sustained by her on or about May 28, 1925, while she was a passenger aboard one of appellant's trains which was wrecked near Tyler, Tex. By amended petition, appellee set up that her husband had deserted her some four years previously and prayed the court to allow her to sue without the joinder of her said husband. She alleged the facts relative to her relationship to the appellant, to wit, a passenger, and the circumstances connected with the accident which lead to her injury.

"The appellant answered by filing a general demurrer, general denial, and by pleading specially that, if appellee had any of the injuries alleged in her petition, same were due to other causes than the accident alleged in her petition.

"The case was tried before a jury. The trial court submitted only one special issue, to wit, the amount of appellee's damage. When the verdict was first returned into court, it was divided by the jury into three amounts, they allowing $7,000 for item (a), mental anguish and physical suffering therefrom, if any, including such as she will in reasonable probability suffer in the future beyond the time of the trial, if any; $500 for item (b), for the reasonable value of her lost earnings, if any, down to the trial; $7,500 for item (c), her diminished capacity therefrom, if any, to labor and perform services in the future beyond the trial, if any. The jury were directed by the court to consider again of their verdict and to return such amount, if any, as might be found by them in one sum. A few minutes later they brought in their verdict in the one sum of $15,000. The verdict was returned into open court March 10, 1926. The trial court, upon the verdict of the jury, entered judgment March 10, 1926, in favor of appellee against appellant for the sum of $15,000. On March 20, 1926, the appellant filed its motion to set aside the verdict of the jury and grant it a new trial, setting up as grounds therefor, among other things, excessiveness of verdict manifesting sympathy, bias, and prejudice, and improper conduct on the part of the jury, in that the jury, while in the jury room and before arriving at their verdict, discussed attorney's fees and doctors' bills, and that such improper conduct influenced some one or more of the jury in the rendition of their verdict. In support of such motion to set aside the verdict, appellant attached to same the sworn affidavit of the jurors E. F. Garbs and C. R. Krenek. Said original motion to set aside the verdict of the jury and grant appellant a new trial, filed March 20, 1926, was amended, leave of the court having been secured by filing of appellant's first amended original motion for a new trial March 25, 1926. Said amended motion specified errors on the part of the trial court in the admission of evidence upon the trial of the case, in addition to the grounds set out in the original motion.

"The trial judge, thereupon, in due course, heard the testimony of each and every one of the jurors touching upon the matters of their improper conduct and the influence of same upon the verdict, and the court, having heard such testimony, took the matters under advisement, and it became necessary for the parties to the proceedings by agreement to extend twice the time for the trial court to act upon such motion for new trial, which two agreements were made in conformity to the provisions of article 2092, § 28, Statutes of 1925.

"On June 1, 1926, the trial judge overruled appellant's amended motion for new trial, to which action of the trial court appellant in open court excepted and gave due notice of appeal.

"The appellant requested the trial judge to file findings of fact and conclusions of law touching the issues and evidence with reference to misconduct of the jury, and requested special findings of fact and conclusions of law.

"The trial court filed its findings of fact and conclusions of law, to which appellant properly excepted. Among other findings, the trial court found that there had been mention made of doctors' bills; that there was some doubt in his mind as to whether the juror C. R. Krenek considered the mention of doctors' bills; and that he was unable to determine the exact extent that such mention of doctors' bills might have influenced the verdict of the juror C. R. Krenek, but that he was of the opinion and so finds that it did not affect the verdict in excess of $7,500. The trial court further found as follows:

" 'It is further my finding that, upon my expression of intention to grant a new trial herein because of the doubt I entertained concerning the possible influence had upon the juror Krenek by mention of doctors' bills, the attorney for plaintiff suggested filing a remittitur in the sum of $7,500, which I allowed, finding that such remittitur would cure any possible error in the judgment, whereupon the judgment previously entered herein was reduced to $7,500.'

"The trial court's conclusions of law are to the effect that the filing of the remittitur of $7,500 cured any possible error in the verdict of the jury by reason of the mention of attorney's fees and doctors' bills, and any and all other improper conduct on the part of the jury, and therefore he was of the opinion that the motion for new trial should be overruled and that plaintiff have judgment for $7,500.

"Appellee filed her remittitur of $7,500 in open court June 1, 1926, and judgment was rendered in her behalf for the sum of $7,500, against appellant as of that date."

Appellant urges two grounds for a reversal: (1) Alleged misconduct of the jury in discussing attorney's fees and doctors' bills in the jury room, as improperly influencing their verdict; (2) admission, over objection, of the testimony of the medical witness Dr. Myer. We cannot hold that prejudicial error is shown in either particular.

The railroad company admitted liability in the cause, which fact accounts for nothing being submitted to the jury except to find the amount of the appellee's damages. As the general statement has disclosed, that was done by the jury in first dividing the $15,000 total they determined upon into three sepa-

rate parts, one of $7,000 for mental anguish and physical suffering, one of $500 for loss of earnings up to that time, and one of $7,500 for diminished capacity to labor and perform services in the future. The court then merely instructed them to return their verdict in a single sum, which they promptly did by just formally merging these items into the $15,000 they aggregate.

It thus indisputably appears that they found $7,500 to be the present value of the appellee's diminished future earning capacity, and there is no evidence whatever in the record even tending to indicate than any mention or consideration of attorney's fees or doctors' bills, or other improper conduct, in the jury room, influenced that finding at all; upon the contrary, the undisputed evidence, inclusive of the testimony of the witnesses Garbs and Krenek themselves, on whose statements alone appellant's contentions in this respect are based, conclusively shows that it did not. They both in effect reiterated several times that they gave appellee $7,500 for what she ought to have for maintenance as a result of her diminished earning capacity, without reference to any other consideration, and that the other half of the $15,000 was "for what she suffered and to pay her doctors' bills."

[1] The most that might be said unfavorably of the testimony of these two witnesses, considered as a whole, is that Garbs may possibly have permitted some jury room mention of both attorney's fees and doctors' bills to influence him to some extent in awarding one of the $7,500 apportionments of the verdict, while Krenek only allowed the doctors' bills alone to so enter, although both strenuously denied even that much; but, as the learned trial judge in effect rightly found, even this supposed maximum effect would still leave the other $7,500 of it entirely untouched and untainted.

In any event, therefore, we must conclude from the record that the remittitur purged the verdict as returned of any possible vice from the misconduct charged, and that the judgment entered upon the resulting balance may not on that account be disturbed.

That a remittitur should be given that effect where, as here, there is nothing indicative of passion or prejudice, and the extent of misconduct, as well as the amount by which it has affected the verdict, is readily ascertained, has been quite generally held. Railway Co. v. Vick (Tex. Civ. App.) 210 S. W. 247; W. U. Tel. Co. v. Partlow, 30 Tex. Civ. App. 599, 71 S. W. 584; St. Louis S. W. Ry. Co. of Texas v. Allen (Tex. Civ. App.) 117 S. W. 923; Huggins v. Carey (Tex. Civ. App.) 149 S. W. 390; Trabue v. Wade & Miller (Tex. Civ. App.) 95 S. W. 616; Wichita Valley Ry. Co. v. Wood (Tex. Civ. App.) 284 S. W. 301; Texas Pacific Ry. Co. v. Graffeo, 53 Tex. Civ. App. 569, 118 S. W. 873; Trinity County Lumber Co. v. Conner (Tex. Civ. App.) 176 S. W. 911; Pecos & N. T. Ry. Co. v. McMeans (Tex. Civ. App.) 188 S. W. 692; Galveston, H. & H. Ry. Co. v. Hodnett (Tex. Civ. App.) 155 S. W. 678; International & Great Northern Ry. Co. v. White, 103 Tex. 567, 131 S. W. 811; Railway Co. v. Trawick, 80 Tex. 270, 15 S. W. 568, 18 S. W. 948; Railway Co. v. McCarty, 40 Tex. Civ. App. 364, 89 S. W. 805; Railway Co. v. Winkler (Tex. Civ. App.) 179 S. W. 691; Traction Co. v. Brigance, 61 Tex. Civ. App. 15, 128 S. W. 919; Texas Building Co. v. Reed (Tex. Civ. App.) 169 S. W. 212; Watson v. Williamson (Tex. Civ. App.) 76 S. W. 793; Railway Co. v. Measles, 81 Tex. 478, 17 S. W. 124; Railway Co. of Texas v. Gentry (Tex. Civ. App.) 98 S. W. 226.

This cause does not involve the application of the statute invoked by appellant (R. S. 1925, art. 1862), confining the authority of the Court of Civil Appeals in requiring a remittitur to instances where "such court is of the opinion that the verdict and judgment of the trial court is excessive and that said cause should be reversed for that reason only," but rather the effect of article 2227, empowering the parties themselves to remit in the trial court any part of the verdict or judgment, the terms of which do not carry such a restriction.

In construing article 1862, as perhaps in other situations also, our courts have held a remittitur improper and ineffective in cases where it was impossible from the evidence to determine the amount of the excess in the verdict resulting from the improper argument, charge, or other error, as well as where it appeared to be due to passion or prejudice. One among that class is Railway v. Rasmussen, quoted from and relied upon by appellant, as indeed are most, if not all, its other citations.

But as pointed out, that is not the state of this record. Under the facts here, it would be difficult not to see that the misconduct relied upon, which consisted of the apparently innocent mention of something not a proper element of damage, could not have affected the verdict to the extent of the $7,500 remitted.

[2] There is no merit in the objections raised to the testimony of Dr. Myer. He gave it as his opinion that the abnormal condition he found the appellee suffering from—and which he detailed—was the result of the traumatism received at the time of the accident; that is, the proximate result of the injuries she had received. Nothing else was before them, either in pleading or proof; hence the jury could neither have considered nor allowed any recovery for anything else. The fact that, in a prior deposition, this witness had also mentioned catarrhal appendicitis as being another result of the injury, which answer the court excluded and which

affection had not been declared upon, was immaterial.

These conclusions require an affirmance of the trial court's judgment. That order has accordingly been entered.

Affirmed.