**INTERNATIONAL–GREAT NORTHERN R. CO. v. COOPER. (No. 1042–4959.)**

Commission of Appeals of Texas, Section A. Jan. 11, 1928.

**1. New trial** ⊂⊃56—**Trial judge should set verdict aside, where it is reasonably doubtful whether jury's misconduct materially affected verdict.**

Where it is reasonably doubtful whether or not improper conduct of jury affected amount of verdict or decision of any material issue, trial judge should set verdict aside, and grant new trial.

**2. Appeal and error** ⊂⊃978(3)—**Where it is reasonably doubtful whether jury's misconduct materially affected verdict, trial court's refusal to set verdict aside is abuse of discretion, requiring reversal.**

Where it is reasonably doubtful whether or not jury's improper conduct affected amount of verdict or any other material issue, refusal of trial court to set verdict aside and to grant new trial is an abuse of discretion, requiring reversal.

**3. New trial** ⊂⊃162(1)—**Where portion of verdict tainted with misconduct can be definitely ascertained, remittitur of that portion will cure error.**

Where portion of verdict, tainted with jury's misconduct, or improperly arrived at, can be definitely ascertained, and where jury acted free from passion or prejudice, remittitur of portion so tainted or improperly arrived at will cure error.

**4. Appeal and error** ⊂⊃1015(1)—**Trial judge's finding that remittitur covers portion of verdict tainted by jury's misconduct is conclusive on appeal, unless evidence leaves question reasonably doubtful.**

Trial judge's finding that remittitur was sufficient to cover any possible portion of verdict tainted by jury's misconduct should not be disturbed on appeal, unless the evidence leaves it reasonably doubtful as to whether the amount remitted covers the portion so tainted.

**5. New trial** ⊂⊃56—**Jury's misconduct is not "material" within statute providing for new trial, where portion of verdict affected is remitted (Rev. St. 1925, arts. 2227, 2234).**

Jury's misconduct is not "material," within Rev. St. 1925, art. 2234, providing that court may grant new trial for misconduct of jury, if

such misconduct be material, where portion of verdict affected is remitted under article 2227.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Material.]

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Grace Hudson Cooper against the International-Great Northern Railroad Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (297 S. W. 638), and defendant brings error. Affirmed.

Andrews, Streetman, Logue & Mobley, Wolters, Blanchard, Woodul & Wolters, and H. P. Pressler, Jr., all of Houston, for plaintiff in error.

Ewing Werlein, of Houston, for defendant in error.

CRITZ, J. This suit was instituted in the district court of Harris county, Tex., by the defendant in error, against the International Great Northern Railroad Company, plaintiff in error, for damages on account of personal injuries alleged to have been sustained by the defendant in error while a passenger on one of the passenger trains of the defendant in error. On the trial in the district court before a jury, only one issue was submitted to the jury, to wit, the amount of damages, and the jury returned a verdict assessing the damages at $15,000.

When the verdict was first returned into court, it was divided by the jury into three amounts: (a) Mental anguish and physical suffering therefrom, if any, including such as she will in reasonable probability suffer in the future beyond the time of the trial, if any, $7,000; (b) for reasonable value of lost earnings, if any, down to the trial, $500; and (c) her diminished capacity therefrom, if any, to labor and perform services in the future beyond the trial, $7,500. The court declined to receive this verdict, and directed the jury to again retire and consider of their verdict, and to return such amount, if any, as might be found by them in one sum. The jury did so again retire, and a short time later returned into open court a verdict in one sum for $15,000. The trial court entered judgment on this verdict for the amount so found.

Plaintiff in error filed its motion for a new trial, setting up as grounds therefor excessiveness of the verdict, manifesting bias, prejudice, and improper conduct on the part of the jury, in that the jury discussed doctors' bills and attorneys' fees, and that such alleged improper conduct influenced some one or more of the jury to render a larger verdict than otherwise. After a full hearing before the trial court, the defendant in error remitted $7,500, and judgment was finally entered for defendant in error for $7,500, one-half the amount allowed by the jury.

After such remittitur, plaintiff in error's motion for a new trial was overruled by the trial court, and appeal was prosecuted to the Court of Civil Appeals at Galveston, which court affirmed the judgment of the district court. 297 S. W. 638. The case is now before this court on writ of error granted on application of the railway company.

By its various assignments of error, the railroad company complains of the ruling of the trial court and the Court of Civil Appeals in holding that the misconduct of certain jurors in discussing and considering attorneys' fees and doctors' bills in fixing the amount of damages allowed plaintiff was cured by the remittitur of $7,500.

[1, 2] It is the settled law of this state that, "if, upon a consideration of the whole or the pertinent record, it is reasonably doubtful whether or not the improper conduct affected the amount of the verdict or the decision of any other material issue, the verdict should be set aside by the trial judge; if, in such a case, a new trial is not granted, there is an abuse of the discretion by the trial judge, and reversal becomes the duty of appellate courts." Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; Hines v. Parry (Tex. Com. App.) 238 S. W. 886; Great West Mill & Elevator Co. v. Hess (Tex. Civ. App.) 281 S. W. 234; Payne v. Harris (Tex. Com. App.) 241 S. W. 1008; G., C. & S. F. Ry. Co. v. Harvey (Tex. Com. App.) 276 S. W. 895, and Id. (Tex. Com. App.) 278 S. W. 839; Payne v. Smith (Tex. Civ. App.) 266 S. W. 441; San Antonio Public Service Co. v. Alexander (Tex. Com. App.) 280 S. W. 753; St. Louis S. W. Ry. Co. v. Robinson (Tex. Com. App.) 285 S. W. 269, 46 A. L. R. 1507; St. Louis S. W. Ry. Co. v. Dodson (Tex. Civ. App.) 285 S. W. 330.

[3] We believe that the law is equally as well settled that, where the portion of the verdict, tainted with misconduct, or improperly arrived at, is capable of definite and accurate ascertainment, and where the jury acted free from passion or prejudice, a remittitur of the portion so tainted or improperly arrived at will cure the error, and the part of the verdict free from the taint of misconduct and properly arrived at will be permitted to stand. The following cases directly and indirectly support this proposition: Wichita Valley Ry. Co. v. Wood (Tex. Civ. App.) 284 S. W. 301; Western Union Telegraph Co. v. Partlow, 30 Tex. Civ. App. 599, 71 S. W. 584; St. Louis S. W. Ry. Co. of Texas v. Allen (Tex. Civ. App.) 117 S. W. 923; Huggins v. Carey (Tex. Civ. App.) 149 S. W. 390; Trabue v. Wade & Miller (Tex. Civ. App.) 95 S. W. 616; Texas & Pacific Ry. Co. v. Graffeo, 53 Tex. Civ. App. 569, 118 S. W. 873; Trinity Lumber Co. v. Conner (Tex. Civ. App.) 176 S. W. 911; Pecos & N. T. Ry.

Co. v. McMeans (Tex. Civ. App.) 188 S. W. 692; Galveston, H. & H. R. Co. v. Hodnett (Tex. Civ. App.) 155 S. W. 678; International & Great Northern Ry. Co. v. White, 103 Tex. 567, 131 S. W. 811, and Railway Co. v. Trawick, 80 Tex. 270, 15 S. W. 568, 18 S. W. 948.

Of course, where the misconduct of the jury goes to the primary question of liability, or where the part affected is not capable of definite and accurate ascertainment, or where either of these matters are reasonably uncertain, or where the misconduct is such as to make it reasonably uncertain as to whether the verdict is the result of prejudice or passion, the entire verdict should be set aside and a new trial granted.

In H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606, above cited, our Supreme Court, speaking through Judge Brown, holds that the Laws of the Twenty-Ninth Legislature, c. 18, p. 21 (1905), governs the proceeding. The law referred to is set out in the opinion, and reads as follows:

"Every such motion shall be in writing and signed by the party or his attorney; and shall specify the ground upon which it is founded, and may be amended under leave of the court, and no grounds other than those specified shall be heard or considered. Where the ground of the motion is on account of misconduct of the jury or the officer in charge, or because of any communication made to the jury, or because the jury received other testimony, the court shall hear evidence thereof, and it shall be competent to prove such facts by the jurors or others, by examination in open court; and if the misconduct proven, or the testimony received, or the communication made, be material, a new trial may, in the discretion of the court, be granted."

Judge Brown, in applying the statute quoted by him, says:

"We had doubt as to the authority of this court to review the ruling of the trial court upon the motion, so far as based upon the evidence of the jurors, and requested counsel for each party to furnish arguments, to which they responded by able and helpful discussions of the question. After proper consideration given to the briefs furnished we conclude that the 'discretion' expressed in the act above copied is upon the same level with the discretion vested in the trial judge in many instances and that we may review its exercise wherein it clearly appears that the rights of parties have been disregarded. If the evidence taken by the trial judge left it reasonably doubtful as to the effect the statement had upon the amount of the verdict of the jury, we would feel inclined to exercise our authority and set it aside; but the judge who tried the case seems to have acted promptly and fairly in the investigation and we know that he could form safer conclusions from examining the jurors than this court can

from the record. There is much in looking at the man who testifies."

The part of the law quoted by Judge Brown is substantially carried forward in the Revised Civil Statutes of Texas 1925, art. 2234, which reads as follows:

"Art. 2234. Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material."

It will be seen that article 2234 expressly provides that a new trial may be granted, "if such misconduct proved, or the testimony received, or the communication made, be material." It is our opinion that the phrase "be material" applies to, and qualifies, the whole of article 2234.

Article 2227 of the Revised Civil Statutes of Texas 1925, provides:

"Any party in whose favor a judgment has been rendered may remit any part thereof:
"1. In open court, and such remittitur shall be noted on the docket and entered in the minutes."

[4] In the case at bar the issue of liability was conclusively shown against the plaintiff in error, and only one issue, to wit, the amount of defendant in error's damages, was submitted to the jury. The trial court heard evidence as to the amount of the verdict tainted with misconduct, and found that a remittitur of $7,500 would cover any possible portion of said verdict so tainted. The finding of the trial judge is abundantly supported by the evidence, and his findings should not be disturbed, unless the evidence leaves 'it reasonably doubtful as to whether the amount remitted was sufficient to cover the part tainted. H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606. Certainly the misconduct could not be *material* after the part of the verdict affected by such misconduct is remitted.

[5] We are of the opinion that the findings of the trial judge that a remittitur of $7,500 would cover any possible portion of the judgment tainted by misconduct of the jury is so well supported by the record and the evidence as to leave no reasonable doubt on the question, and we therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.    Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.