DELIA G. RYAN *vs.* SCHOOL-DISTRICT No. 13 OF DAKOTA COUNTY.

February 3, 1881.

Common-School Teacher—Certificate of Qualification—Action by Teacher.—
Laws 1879, *c.* 17, § 2, provides that a common school-district shall hire "such teachers only as have certificates of qualification." *Held*, following *Jenness* v. *School-district*, 12 Minn. 448, that a contract to hire a teacher not having a certificate is unauthorized and void; also, that in a complaint upon a contract alleged to have been entered into between a school-district and a teacher, whereby the former hired the latter to teach a school, an allegation that the teacher had such certificate is necessary to the statement of a cause of action.

Same—Requisites in Complaint.—That an allegation that the school-district and the teacher " entered into an agreement in writing," implies that the statutory directions as to the way and manner in which it was to be entered into on the part of the district have been complied with.

Same—Contract—Signatures of School-district Officers.—That where such an agreement purports upon its face to have been made by the school-district and teacher, and is signed by the latter, and by " J. Q., Director," and " J. S., Treasurer," the implication is that Q. and S. are respectively director and treasurer of the district, and therefore two of its board of trustees, such as are authorized by statute to make contracts for the district in the manner provided by law.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill,* J., presiding, sustaining the defendant's demurrer to the complaint.

*Smith & Egan,* for appellant.

*Davis, O'Brien & Wilson,* for respondent.

BERRY, J. This is an action upon a contract alleged to have been entered into between the plaintiff and the defend-

ant, whereby the latter hired the former to teach a school. Laws 1879, c. 17, § 2, provides that a common school-district shall hire "such teachers only as have certificates of qualification," and it follows that a contract to hire a teacher not having a certificate is unauthorized, and therefore void. *Jenness* v. *School-district,* 12 Minn. 448. As the possession of the certificate is necessary to the validity of the contract, the allegation of such possession is necessary to the statement of a cause of action upon such contract. For lack of such allegation the complaint in this action was properly held demurrable.

As it is possible that the complaint may be amended so as to cure the defect above mentioned, it is best to consider also the other objections urged in support of the demurrer. It is objected that the complaint does not show that the plaintiff was hired by the trustees at a meeting called for that purpose, nor that there was any meeting of the trustees, or that notice thereof was given, all as required by statute. But the complaint alleges that the plaintiff and defendant —*i. e.,* the school-district—"entered into an agreement in writing," a copy of which is made part of the complaint. This implies that the necessary statutory directions were complied with, for in no other way could the district *enter into* the agreement. The agreement purports upon its face to have been made by the plaintiff and defendant, and is signed by the latter, and by "James Quirk, Director," and "James Slater, Treasurer." It being alleged, as before stated, that defendant "entered into" the agreement signed in this way, it is necessarily implied that Quirk and Slater are respectively defendant's director and treasurer, and therefore two of its board of trustees, such as are authorized by Laws 1879, c. 17, § 1, to make contracts for the district in the manner pointed out by statute.

Order affirmed.