Decided 16 June, 1902.

## MALE v. SCHAUT.

[69 Pac. 137.]

TRIAL BY JUDGE WITHOUT A JURY—FINDINGS MUST FOLLOW PLEADINGS.

Where law actions are tried before a court without a jury the findings must follow and be limited by the pleadings—while they should cover every material issue of fact, they should not be made on other issues.

From Union: ROBERT EAKIN, Judge.

This is an action by William H. Male and others against George Schaut and wife and John Huber on a promissory note. The complaint alleges, in substance, that on January 30, 1893, the defendants executed and delivered to one W. L. Telford their promissory note for $1,450, due December 1, 1897, with interest thereon at the rate of 8 per cent per annum, payable semiannually according to the terms of ten certain interest coupons thereto attached, both principal and interest payable at the office of the American Investment Co. at New York City; that it is provided therein that, if any interest coupons should remain unpaid twenty days after due, the principal should, at the option of the holder, become due and collectible at once, without notice; that interest coupons Nos. 4, 5, 6, and 7 are each and all more than twenty days past due; that, prior to the maturity of the note and coupons, they were, for a valuable consideration, sold, assigned, and transferred to the plaintiffs, who have been ever since, and now are, the owners and holders thereof; that plaintiffs elect to declare the whole of the principal sum and interest due and collectible, and demand a judgment for the amount thereof.

The defendant Huber alone answers. He admits the execution and delivery of the note as alleged, but denies that any of the interest coupons mentioned and described in the complaint are due or unpaid; denies the assignment and transfer of the note and coupons to the plaintiffs prior to maturity, or at any other time; denies that there is any amount due on the note or the interest coupons; and, for an affirmative defense, alleges that, at the time of the making and execution of the

note, the defendants, to secure the payment thereof, executed and delivered to Telford a mortgage upon certain described real estate; that on or about the 1st day of March, 1893, Telford, for value received, sold and transferred the note and mortgage to the Mercantile Trust Co., a corporation existing and doing business under the laws of the State of New York, which company remained the owner and holder thereof until the mortgage was foreclosed, and all matured coupons fully paid and satisfied; that on or about the 12th day of February, 1894, one Alford, the holder of a prior mortgage upon the same real estate, commenced a suit in the circuit court of Wallowa County against Telford and the defendants herein to foreclose his mortgage; that thereafter the Mercantile Trust Co. was made a party to the foreclosure suit, and answered, setting up the mortgage given to Telford, and by him assigned to it, and praying for a decree for the amount due thereon and for its foreclosure; that afterwards, and on or about the 19th of April,1894, such proceedings were had in the Alford suit that a decree was rendered in favor of the Mercantile Trust Co. for the amount then due on the promissory note and interest coupons, for the foreclosure of the mortgage, and for the sale of the mortgaged premises to satisfy such decree; that thereafter an execution was duly issued, and the property sold to one E. B. Soper for the sum of $3,050, being the aggregate amount of all sums due the plaintiff in such foreclosure suit and the Mercantile Trust Co., besides interest, costs, and expenses of the sale; that thereafter the execution was returned satisfied in full, the sale duly confirmed, and after the expiration of the time for redemption the property was conveyed by the sheriff to Soper, the purchaser.

The reply denies that the mortgage given to Telford to secure payment of the promissory note in controversy was ever foreclosed, or that the Trust Company ever became a party to the suit brought by Alford to foreclose his mortgage, and, as affirmative matter, alleges that the pretended answer and cross complaint filed on its behalf in the Alford foreclosure suit was filed without any authority from, or knowledge of, the com-

pany, and that it had no information thereof until long after the pretended decree had been entered, and long after the plaintiffs had become the owners of the promissory note and interest coupons.

Upon the issues thus joined the cause was tried, by stipulation of the parties, without the intervention of a jury, and the court made its findings of fact and conclusions of law substantially as follows: (1) That although the note sued on, and the mortgage given to secure the payment thereof, were made in the name of Telford, they were in fact executed for a loan made by the American Investment Co., and for its benefit, and were immediately after their execution transferred to the company by blank indorsements; (2) that in April, 1893, the note was transferred by the Investment Company to the Trust Company, without further indorsement, as collateral security for the payment of certain debenture bonds of which the Trust Company was trustee; (3) that, the Investment Company having become insolvent, the note and mortgage in question, together with other notes and mortgages, were sold by the Trust Company at public auction on the 14th day of December, 1894, and purchased by the plaintiffs, who constitute a protective committee formed at the request of the holders of the debenture bonds of the Trust Company; (4) that at the request and upon the motion of E. B. Soper, the attorney of the Investment Company, and as a result of counsel taken by him with the president and secretary of that corporation, the Trust Company was made a party to the suit brought by Alford to foreclose the prior mortgage, but the officers of the Trust Company knew nothing of the suit, or of the filing of the answer on its behalf, prior to the sale of the note and mortgage to the plaintiffs; (5) that plaintiffs had no knowledge of the foreclosure proceedings at the time of the purchase by them, nor for some time thereafter; (6) that the purchase made by Soper of the mortgaged property at the sale under the execution issued on the foreclosure decree was for the sum of $3,050, was in full satisfaction of such decree, and made for the benefit of the invest-

ment and trust companies, Soper himself advancing the
amount due on the first mortgage and costs, but not paying
any other sum on such purchase; (7) that in February, 1895,
and prior to the issuance of the sheriff's deed to Soper, he
communicated with the plaintiffs, through their agents, in
regard to the foreclosure sale and his bid thereon, and the
plaintiffs, as such protective committee, released him and the
property from all claims on account of transactions in regard
to the foreclosure sale and purchase of the mortgaged prem-
ises.   As conclusions of law, the court found, in effect, that
the Trust Company was not bound by the decree rendered
in the Alford foreclosure suit, because the appearance of the
attorney on its behalf was unauthorized and without its
knowledge, but that the subsequent acts of the plaintiffs in
releasing Soper from any further liability or responsibility
on account of his purchase ratified and approved his acts in
foreclosing the mortgage and in purchasing the property, and
therefore they cannot now disregard the mortgage and sue
upon the note.   Based upon these findings of fact and con-
clusions of law, a judgment was entered, dismissing the action,
and plaintiffs appeal.                              REVERSED.

For appellants there was a brief and an oral argument by
*Mr. Thos. G. Hailey.*

No brief or appearance for respondents.

MR. CHIEF JUSTICE BEAN, after stating the facts, delivered
the opinion of the court.

The principal contention is that the judgment is based upon
findings of fact not within the issues made by the pleadings.
The execution and delivery by the defendants of the note
sued on to Telford, at the date and as alleged in the com-
plaint, the giving of a mortgage to secure its payment, and
its sale and tranfer for a valuable consideration to the Trust
Company, on March 1, 1893, and before maturity, are either
affirmatively alleged or admitted in the pleadings.   The de-

fense is that, prior to the sale and transfer of the note by the
Trust Company to the present plaintiffs, the mortgage given
to secure its payment had been foreclosed in the suit brought
by Alford to foreclose a prior mortgage, and the mortgaged
premises sold, under the decree rendered therein, for sufficient
to satisfy the amount due on the note and mortgage.    The
plaintiffs deny that the Trust Company was a party to the
Alford foreclosure suit, or in any way bound by the decree
therein, and allege that the answer or cross complaint filed
therein on the company's behalf by Soper was without author-
ity.   The material issue of fact, therefore, was the validity
of the alleged foreclosure decree; and that depended upon
whether Soper, who assumed to appear for and represent the
Trust Company in that suit as its attorney, had authority to
do so.   If his appearance was unauthorized, the decree was
not binding on the Trust Company, or its successors in inter-
est: *Handley* v. *Jackson,* 31 Or. 552 (50 Pac. 915, 65 Am. St.
Rep. 839).   The court found that Soper's appearance was
without the knowledge or authority of such company, but that,
after the purchase of the note in controversy by the plaintiffs,
they ratified and approved Soper's acts, and thus became
bound by the decree.   This, however, was a matter wholly out-
side of the issues made by the pleadings.   If defendant in-
tended to rely upon the ratification of an unauthorized appear-
ance of an attorney, such ratification should have been
pleaded, and the plaintiffs given an opportunity to meet the
issue thus raised.   It could not otherwise be made the basis of
a judgment in this action.   It is elementary law, that a finding
of fact by a court out side of the issues made by the pleadings
is a mere nullity, and will not sustain a judgment: *Green* v.
*Chandler,* 54 Cal. 626; *Brenner* v. *Bigelow,* 8 Kan. 496;
*Newby* v. *Meyers,* 44 Kan. 477 (24 Pac. 971); *Gamache* v.
*School Dist.* 133 Cal. 145 (65 Pac. 301).   In the last case re-
ferred to, certain findings were contrary to the admissions in
the pleadings, and others were entirely outside of the issues;
and it was held that the judgment should be reversed, and
the cause remanded, with directions to allow all the parties

to amend their pleadings. This rule, we think, can be applied to the case under consideration, except that under our practice the question as to whether the pleadings shall be amended must in the first instance, be determined by the trial court in the exercise of judicial discretion.

Judgment reversed, and cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.                                                        REVERSED.

Decided 16 June, 1902.