## WESTERN UNION TELEGRAPH COMPANY v. T. A. PARTLOW.

Decided December 10, 1902.

**1.—Telegraph Company—Damages Too Remote.**

Where because of negligence in the transmission of a message a student at a summer normal school lost a position as teacher that had been tendered him, damages resulting from his failure to derive benefit from the remainder of the normal course by reason of mental worry because of the loss of the position were too remote to be allowed.

**2.—Same—Damages—Teacher's Certificate.**

The telegraph company was liable for the difference between the salary plaintiff would have received and that which he did receive as teacher of another school, although at the time the negligence occurred plaintiff had not received a teacher's certificate, as required by the statute, good for the ensuing scholastic year—such certificate having been afterwards procured in time for the position that was lost. Rev. Stats., art. 3981c.

**3.—Same—Damages Not Pleaded.**

Evidence of expense incurred by plaintiff in securing another position was improperly admitted where plaintiff's pleading did not set out such item.

**4.—Verdict—Damages—Remittitur.**

Where the verdict itemized the damages allowed by the jury, error in allowing items not recoverable could be cured by remittitur.

Appeal from the County Court of Gonzales County. Tried below before Hon. W. W. Glass.

*Webb & Finley* and *S. M. Hallam,* for appellant.

*Jones & Holmes,* for appellee.

NEILL, ASSOCIATE JUSTICE.—Appellee sued appellant to recover damages for its alleged negligent failure to properly transmit and deliver the following telegram:

"Port Lavaca, Texas, 7-9-1901.—To Robt. N. Atmer, Groveton, Texas: Yours delayed. Can accept. Particulars by to-day's mail. T. A. Partlow."

It was alleged in appellee's petition that by reason of such negligence he lost a contract he was negotiating for with the board of school

trustees of Groveton public school of Trinity County, Texas, to teach the school as principal for the scholastic year of 1901-1902, at a salary of $70 per month for the period of nine months. He prayed judgment for the difference between the value of the contract alleged as lost and one subsequently made by him to teach another school, which he averred to be $330. Judgment was asked for $100 additional damages, which appellee alleged was caused from his being so worried, troubled, and disappointed by the loss of the contract for the Groveton school as to wholly incapacitate and unfit him for study and improvement at a normal school he was attending, from which in consequence he received no benefit whatever.

The appellant specially excepted to the allegations in the petition averring damages accruing to appellee on account of the total loss of the benefit of the normal school; after which it answered by a general denial and a special plea averring negligence on the part of appellee in failing to continue his efforts to secure the position as principal for the Groveton school after the occurrence of the alleged negligence in transmitting the telegram.

The special exception to the petition was overruled and the case tried before a jury, which resulted in a verdict in favor of appellee for $241.40, it being stated in the verdict that $140 was for "difference in salary, 40 cents amount paid company for transmitting telegram, and $100 amount of loss sustained by reason of not receiving benefit at normal at Port Lavaca." Upon this verdict the judgment was entered which was appealed from.

*Conclusions of Fact.*—The evidence shows (1) that on the 3d of July, 1901, Robert N. Atmer, secretary of the board of trustees of Groveton public school in Trinity County, Texas, wrote a letter to appellee in which he informed him that the term of school extended over a period of seven or eight months, and could be lengthened by the principal into a subscription school of nine months. That the principal was paid $70 per month, and that at a meeting of the board held on that day he was instructed to write and find out if appellee was still desirous of the position. The letter closed with a request that appellee notify the writer at once of his decision. (2) Upon appellee's receipt of the letter, he immediately delivered the message, copied in our statement of the nature of the case, to appellant's agent at Port Lavaca for transmission, paying him 40 cents toll therefor. The telegram was so negligently transmitted as to read when received by Mr. Atmer as follows: "Port Lavaca, Texas, 7-9-1901.—To Robt. N. Atmer, Groveton: Yours delayed. Can't accept. Particulars by to-day's mail. T. A. Partlow." (3) The message being received and presented to the board of school trustees in this form, was taken as a declination of appellee to accept the position, and before the board received his acceptance by mail, it had tendered the position to another teacher, which had been accepted by him. (4) If the error in the message had

not been made in its transmission the board would have made a contract with appellee employing him as principal of the school for eight months of the scholastic year of 1901-1902, at a salary of $70 per month, from which he would have received in the aggregate $560. But by reason of appellant's negligence in transmitting the telegram he lost the contract, and had on that account to make contracts with other boards of school trustees to teach at a salary of $60 per month, under which he taught seven months and three days, receiving for his services in the aggregate $426—the difference between said sum and that which he would have received as principal of the Groveton school, had it not been for appellant's negligence, being $134. (5) According to appellee's own testimony, at no time during the month of July, 1901, did he have a teacher's certificate authorizing him to teach in any public school in Texas during the scholastic year of 1901-1902, but at the time he held a certificate which expired on September 16, 1901. (6) At the time he gave the telegram to appellant for transmission he was attending, as a student, the summer normal school at Port Lavaca, Texas, in order to better qualify himself as a teacher in the public schools, which was known to appellant's agent at the time the telegram was delivered to him. Afterwards he failed to pass his examination at said normal school for a permanent certificate, but obtained a first class certificate, dated August 1, 1901, which authorized him to teach in the public schools of the State for a period of four years from its date; by virtue of which he could and would have made the contract he was negotiating for with the board of school trustees of Groveton, had it not been for appellant's negligence in transmitting the telegram. (7) There is evidence to show that appellee in securing a position in one of the other schools expended the sum of $7, but it does not appear that it was necessary for him to make such expenditure, for the position he obtained in making it paid him no more than one he had voluntarily resigned in order to procure it.

*Conclusions of Law.*—1. The special exception to that part of the petition alleging damages of $100 for loss of benefit of the summer normal school should, in our opinion, have been sustained. Where a telegraph company by error in transmission of a message containing an acceptance of an offer of employment causes loss of the employment, it is liable for the loss so caused, if the loss is such as might be reasonably expected to follow such breach of the contract. Joyce on Electric Law, sec. 976. Damages which do not flow directly from an act, but are the result of some intermediate cause without which no injury or loss would occur, although such cause may be attributable to the original act, are too remote to be recovered. Where the tort upon which an action is based consists merely of negligence of duty, the rule ordinarily is, "that in order to warrant a finding that negligence, or an act not amounting to a wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable

consequence of the negligent or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." Ferrerro v. Telegraph Co., 35 Law. Rep. Ann., 548. The appellant could, from the very wording of the message, contemplate the probable consequences of its negligence in transmitting one directly opposite in meaning from the one delivered to it, would proximately cause appellee to lose the position, as well as the benefits of it, that the message was intended to secure. But could it foresee from the character of the message, in the light of the attending circumstances, that appellee would from the loss of the contract become so worried, troubled, and disappointed as to incapacitate him from study and cause him to receive no benefit whatever from the normal school? According to appellee's testimony he made a high grade in some of the studies there, but he accounts, in part, for his falling below the requirements in others by "the worry and anxiety occasioned by losing the Groveton position operating on certain *channels* of his *mind* and *not on others.*" These channels of his mind, so affected and clogged by trouble and worry as to render him incapable of learning, were not exposed to view, and if they had been, what ordinary man could have foretold the effect that appellant's negligence in transmitting the message would have had upon them? These inquiries present matters which, if they do not lie entirely beyond the domain of speculation, are too remote from the practical affairs of humanity to be considered as forming any basis for an action, either upon a tort or contract, for damages.

2. For the same reason that the court should have sustained the exception to the part of the petition referred to in the assignment just considered, it should have refused the special charge, given at appellee's request, presenting to the finding of the jury the matters so plead as elements of damages; and it erred in giving such special charge.

3. Inasmuch as the appellant offered no evidence tending in the least to show that it exercised the slightest care in transmitting the dispatch, and the uncontradicted evidence shows beyond the peradventure of a doubt negligence of the most flagrant character, the appellant could not have been prejudiced by that part of the court's charge to which the third assignment of err is directed.

4. Under appellant's fourth and fifth assignments of error it is contended that as appellee did not have a certificate authorizing him to teach in the public schools of Texas for the scholastic year of 1901-1902 at the time he gave the dispatch for transmission to the agent, he can not recover damages for the error occasioned by the negligence in its transmission. Article 3981c, Revised Statutes, requires that a teacher, before contracting with any board of trustees, or with any city school board, shall exhibit to the board a teacher's certificate, valid in the city, town or school district where he desires to teach. A contract without such a certificate as is thus required would unquestionably be void (Hosmer v. Sheldon School Dist., 25 Law. Rep. Ann., 382;

Ryan v. Dakota Co. School Dist., 27 Minn., 433, 8 N. W. Rep., 146; Kimball v. School Dist., 63 Pac. Rep., 25); but when the telegram was delivered no contract was made,—it was only being bargained for. Before the scholastic year began he had a certificate under and by virtue of which he could and would have entered into a valid contract with the board, had it not been for appellant's negligence. This, in our opinion, was all he was required to show in order to maintain his action.

5. There was no error in the court's refusal to instruct the jury at appellant's request "that prior to the 13th of September, 1901, the board of school trustees of Groveton had made no contract with a teacher for the position of principal of said school, and that there was nothing to prevent plaintiff from demanding said position of said board, and if he failed so to do, the loss of said position was due to his own fault, and to find for the defendant." As is seen from our conclusions of fact, the board, before it received appellee's letter, sent by mail on the day the message was transmitted, had tendered the position to another teacher, and it had been accepted by him. There was nothing then left for the appellee to do but to get another school, and thereby diminish his damages as much as he could.; which he did.

6. There is no merit whatever either in appellant's seventh or ninth assignments of error.

7. The appellant could not have possibly been prejudiced by the introduction of any of the evidence complained of by the eleventh, twelfth, thirteenth, fourteenth, or fifteenth assignments of error, and it is useless to discuss the questions presented by them.

8. The objections urged by appellant under its tenth assignment of error to the following testimony of appellee,—"I was put to some expense in getting the position in the Gonzales high school; these expenses amounted to $7, which sum I paid out in actual cash, and covered charges for a conveyance to Gonzales and the expenses of the driver who brought me,"—should have been sustained. Such expense was not plead as an item of damages, and could not be considered in estimating them. As the $140 stated found by the jury as "difference in salary" is $7 more than such difference, the expense mentioned in the testimony of that sum must have been considered by the jury, and allowed by their verdict.

This error, as well as the one indicated by the first and second of these conclusions, can be cured by a remittitur. Therefore, if appellee will within ten days enter a remittitur in this court of $107 of the judgment, it will be affirmed, otherwise it will be reversed and the cause remanded.

*Affirmed.*