Argued October 17, reversed and remanded November 12, rehearing denied December 24, 1918.

## CHRISTENSEN v. LANE COUNTY.

(175 Pac. 845.)

**Highways—Order—Opening Road—Collateral Attack.**

1. A complaint seeking to remove as a cloud on the title, and to set aside, an order of the County Court opening a road across plaintiff's land, is not a collateral, but a direct, attack upon the order of the County Court.

**Highways—Complaint—Sufficiency.**

2. Complaint in land owner's action to remove cloud on title and to set aside alleged void order of County Court establishing road over her land *held* to allege sufficiently the lack of jurisdiction of the County Court to make the order.

**Highways—Setting Aside Order—Negligence of Party.**

3. In action to remove cloud from title and to set aside an order of the County Court establishing a highway across plaintiff's land, allegation that plaintiff, being unfamiliar with road establishment,

90 Or.—26

relied on what the county judge told her husband as to notice of the proceedings, was a mere confession of negligence, and afforded no ground for setting aside the order establishing the road.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 1.

This is a suit to remove a cloud from the title to certain real estate and to set aside an order of the County Court of Lane County, establishing a county road through plaintiff's land. The complaint, after alleging the ownership and possession, recites, in a general and somewhat indefinite manner, some of the steps taken by the County Court in establishing the highway. The jurisdiction of the inferior tribunal in that proceeding is challenged by the following allegations:

"4. That heretofore and on or about the 1st day of December, 1915, there was filed with the county clerk of said county a pretended petition to the County Court to locate a county road over and across the premises above described and owned by this plaintiff; that there was further filed with the said clerk a pretended notice of said petition, which notice was claimed to contain a copy of the said petition.

"The plaintiff alleges the facts to be that the said notice did not contain or set out therein a true copy of the said petition; and that the said notice purported to contain the names of 12 freeholders; that all of the persons whose names did appear on said notice, as petitioners for said road were not in truth and fact freeholders, and no notice was ever had, filed or presented in said matter containing the names of twelve freeholders as petitioners for said road.

"5. That the affidavit filed with the notice above mentioned and referred to does not and did not show nor allege or describe where all of the pretended notices had been posted; that such affidavits recited that one of said notices was posted 'at postoffice,' but without giving the location or name of the or any postoffice in said county, or in said district, or at all, and without

showing where on said postoffice the said notice had been so posted.

"That in truth and fact there are and were at that time several postoffices within the said road district, where the proposed road is located; that said road district contains an aggregate of about 59 miles of roads and is a large road district.

"That the County Court had no proof of any kind other than the affidavit above mentioned and referred to; and that the County Court neither had nor took any proof of the fact that the persons whose names were subscribed to the pretended notice were freeholders and qualified to petition for said or any road.

"That the affidavit aforesaid was verified before one of the persons whose name appears on the said notice as a petitioner for the location of said road; that while he was a petitioner in said matter and one of the interested parties he did undertake to act as a notary public and did pretend to administer an oath to one of his fellow petitioners in verifying the affidavit aforesaid."

It is then averred that no bond or undertaking was filed and approved prior to the appointment of the viewers; that no survey was ever made of the proposed highway; that the road viewers did not file any report before the first day of the next term of court after their appointment; that thereafter, at its term in April, 1916, the court made an order directing the opening of the road, which contained recitals to the effect that no remonstrance against the opening of the road, and no petition for damages had been filed, and declaring that plaintiff's property had not been damaged by such taking of her land for a road. Then follow these averments:

"That thereafter and on or about the —— day of April, 1916, and during the April, 1916, and during the April term of said court, the county commissioners aforesaid did pretend to make an order declaring a road opened over and across the premises of the plain-

tiff; that the said commissioners did in and by said order state that there was no remonstrance to the opening of such road and that no petition for damages had been had or filed; and did further declare that the property of the plaintiff was not damaged by such taking of her property for a road as aforesaid.

"That the plaintiff did claim damages and did, prior to making the order aforesaid, and while said matter was under consideration make a demand on the defendants for damages on account of the taking of her property for a road.

"That the defendants aforesaid did wholly ignore her said claim and did make a pretended and formal order stating that she did not make such demand; and her said demand is not now in the records of said defendants, and no trace can be had or found of the same, and no record was ever made by the defendants of her said demand, nor of her objection to the taking of her property without compensation.

"That the plaintiff was not familiar with the methods of the defendants in laying out or establishing roads; that she caused her husband to make inquiry of the county judge above mentioned as to what was or would be done in said matter; and that he was informed, and the information was transmitted to her, that she would have notice of any action taken; that she depended and relied upon such information, and did not know for a long time after the above order of the —— day of April, 1918, had been made, that any action had been taken; that no notice was ever given to the plaintiff in said matter that her claim for damages had not been allowed, nor that the defendants intended to take her property without compensation.

"That the plaintiff was misled in said matter and being thus misled she could not appeal from said action because she did not know when said action was had or taken, until a long time thereafter."

Plaintiff then assigns as irreparable injury the following facts:

"That the road which the defendant pretends to have declared as such will take and appropriate a strip

of land 60 feet wide and about one mile in length over and across the land of this plaintiff; that her land is a long and narrow strip of land along a creek and that the road so claimed takes the best part of the land along the creek bottom and cuts it up so as to render the balance hard to utilize on account of the road thus running through it.   That it is proposed to establish said road over and across the said premises in such a location as to completely destroy a spring of water near the plaintiff's house; that said spring is of value to her in that it is the only supply available to water fit for domestic use and for household purposes; that the defendants propose to establish said road within 20 feet of the dwelling-house of the plaintiff; that if such road is so established it will constitute a constant menace to the use of the plaintiff's property for a home as aforesaid.

"That the strip of land aforesaid contains and is covered with a heavy growth of timber, valuable and useful for commercial and domestic purposes.

"That if the said road is opened as proposed it will wholly destroy and render useless the spring and water supply above mentioned; and will destroy and appropriate large quantities of timber; that the defendants declare that all of this shall be done without compensation to the plaintiff."

This is followed by allegations in which it is sought to show that the route selected for the road is impracticable and unwise, and that the invalidity of the order of the court does not appear upon the face of the record and that said order is a cloud upon plaintiff's title. The prayer is as follows:

"Wherefore the plaintiff prays for a judgment and decree that plaintiff's title to said property be forever quieted in her as against any claim of the defendants, or either of them, on account of the proceedings aforesaid; that the said proceedings be set aside and held for naught, and that the plaintiff have a judgment for

her costs and disbursements herein incurred, and such other and further relief as may to the court seem just and equitable herein.''

To this complaint a demurrer was interposed which was overruled and defendants filed an answer. Thereafter, by leave of court this answer was withdrawn and the demurrer reargued. The demurrer having been sustained, plaintiff declined to plead over, and a decree was entered dismissing the suit. Plaintiff appeals.

REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. Sjur P. Ness.*

For respondents there was a brief and an oral argument by *Mr. L. L. Ray,* District Attorney.

BENSON, J.—The arguments of counsel are largely directed to a discussion of whether this is a direct or a collateral attack upon the proceedings of the County Court. There is probably no legal problem which presents so many confusing efforts by the authorities to elucidate and simplify the questions presented under the conditions of the case at bar, we think the rule is fairly stated by an eminent authority thus:

"In fact the writer is of the opinion (though not conceded by many courts) that any attack which has for its object the setting aside and vacating of a judgment is a direct attack, whether in the same or an independent proceedings. Any attack the object and purpose of which is to avoid the judgment, leaving it to stand as the judgment of the court which pronounced it, is a collateral attack. Thus an action in equity to vacate and set aside a judgment is a direct attack; it directly attacks the judgment. An action to restrain proceedings under the judgment, or to prevent the enforcement thereof is a collateral attack": 1 Bailey on Jurisdiction, 140.

1. Tested thus, the complaint which we are considering is a direct attack. But as we view the matter, the nature of the attack is of small importance in any event. The complaint alleges that "no notice was ever had, filed or presented containing the names of twelve freeholders as petitioners for said road," and "that the County Court neither had nor took any proof that the persons whose names were subscribed to the pretended notice were freeholders and qualified to petition for said or any road."

2. The County Court acquires jurisdiction in proceedings to establish highways by means of a petition signed by at least twelve freeholders residing in the road district where the road is to be laid out: Section 6279, L. O. L. This must be followed by posting a notice of such petition at the place of holding County Court, and in three public places in the vicinity of the road, and satisfactory proof of such posting. This court has further held that such notices must be signed by at least twelve freeholders who are signers of the petition: *Minard* v. *Douglas County,* 9 Or. 206; *King* v. *Benton County,* 10 Or. 512. We therefore conclude that the complaint sufficiently charges that the County Court lacked jurisdiction to make the order establishing the highway.

3. As to the remaining allegations of the complaint, it may be said that they seek to raise issues which are *res judicata* and cannot be entertained by a court of equity unless the pleading discloses something more than the apparent inequity of the judgment which is attacked, such as accident, mistake, surprise or fraud: 15 R. C. L. 751. There is here no averment of any facts disclosing fraud, accident or mistake. The only allegation upon which plaintiff relies is, that being unfamiliar with the methods employed in establishing

roads, she had her husband inquire of the county judge as to what had been, or would be, done in the matter, and thereby was assured that she would be informed as to any action taken therein; that she relied upon such assurance and consequently failed to learn that her claim for damages had been ignored until the time in which an appeal might have been taken had expired. This statement amounts to no more than a confession of negligence upon the part of the plaintiff, which affords no ground for the interposition of a court of equity.

It follows that the only issuable controversy in the complaint relates to the jurisdiction of the County Court in the road proceedings, and as to that the pleading is sufficient. The demurrer should have been overruled. The decree is reversed and the cause remanded for further proceedings not inconsistent herewith.

REVERSED AND REMANDED.    REHEARING DENIED.

McBRIDE, C. J., and BURNETT and JOHNS, JJ., concur.