Argued January 20; reversed March 15, 1932

# STATE BANK OF SHERIDAN *v.* HEIDER ET AL.

(9 P. (2d) 117)

*W. M. Ramsey* and *Frank Holmes,* both of McMinn-ville, for appellant.

*Otto W. Heider,* of Sheridan, for respondents.

RAND, J. The State Bank of Sheridan brought this suit to vacate and annul a judgment of the circuit court for Yamhill county, which affirmed a judgment of the justice's court from which the plaintiff had appealed. The relief prayed for herein is that the judgment of the circuit court and that of the justice's court be vacated, and that the defendants be enjoined and restrained from enforcing said judgments, or either thereof, pending the final hearing herein.

The ground upon which plaintiff bases its right to the relief prayed for is fraud and collusion upon the part of Otto W. Heider, the plaintiff in the action, and K. E. Shetterly, the justice of the peace who rendered the judgment whereby plaintiff, without fault or negligence upon its part or that of its agents, was prevented from exercising its right to appeal from the judgment rendered in the justice's court.

This appeal is from an order of the circuit court dismissing this suit after a demurrer to the amended complaint had been sustained and plaintiff had declined to plead further. In substance, the amended complaint alleges that Heider brought an action in the justice's court against plaintiff herein and recovered judgment for the sum of $126.90; that plaintiff appealed from said judgment by filing in said justice's court a proper notice of appeal, and an undertaking on appeal with proof of service indorsed upon each thereof, and demanded of the justice of the peace that he prepare, certify and deliver to plaintiff a transcript upon appeal, as required by law, so that the same could be filed in the circuit court and the appeal be thereby perfected; that said justice did prepare a transcript but instead of inserting therein, as the law required him to do and as plaintiff had demanded of him, copies of the material docket entries of the cause and of the appeal, he fraudulently and, at the instigation of Heider, omitted to include therein any of said docket entries, and that, by reason thereof and for no other reason, the appeal was dismissed and plaintiff's right to appeal was lost without fault of this plaintiff or its agents.

The amended complaint further alleges that the cause of action alleged by Heider in the justice's court was based upon an unaccepted written order for the payment of money; that plaintiff had never accepted said order and had no knowledge of its existence until after the commencement of the action in the justice's court, and that plaintiff herein has never received any moneys whatsoever applicable to the payment of said order and does not now have and never has had in its possession or under its control any sum of money whatever which could be applied in payment thereof.

· In addition to these averments, the amended complaint has attached thereto copies of all the pleadings, documents and papers filed in said action in both the · circuit and justice's courts and of all proceedings which were had and obtained therein. From these exhibits, as well as from the allegations of the complaint, it clearly appears that the sole cause for the dismissal of the appeal and the affirmance of the judgment by the circuit court was the failure of the justice to include in the transcript so prepared and certified to by him copies of said docket entries.

· ■ Defendants contend in support of their demurrer that the action of the circuit court, in sustaining the demurrer to the amended complaint, was proper for the reason that the plaintiff herein is attempting to attack the judgment collaterally. The argument is that, since the justice's court had jurisdiction of the parties and of the subject-matter and power to render the judgment, and rendered judgment after a trial upon the merits, that judgment cannot be impeached in a collateral attack for any error of law or fact occurring upon the trial, or for any irregularity in the proceedings, nor for fraud occurring subsequent to its rendition even though such fraud prevented the plaintiff herein from obtaining a retrial of the cause. They cite in support of their argument *Morrill v. Morrill*, 20 Or. 96 (25 P. 362, 11 L. R. A. 155, 23 Am. St. Rep. 95), and *Altman v. School District*, 35 Or. 85 (56 P. 291, 76 Am. St. Rep. 468).

The first case cited was a suit to quiet title and one of the defendants answered, setting up as a defense, and in proof of his title, a prior decree between the same parties in a former partition suit. In the reply plaintiff sought to impeach the decree by alleging cer-

tain errors and irregularities which she claimed had occurred upon the trial of the partition suit, and it was held that this was a collateral attack upon the decree. Among other things, the court said: "when a court has jurisdiction of the subject-matter and the parties, its judgments cannot be impeached collaterally for errors of law or irregularity in practice." Clearly, the court was right in holding that it was a collateral attack upon the decree, for when a person in a suit to quiet title relies upon a decree to show his title, objections to the decree for judicial errors in the case is a collateral attack upon the decree.

The last case cited was a mandamus proceeding to compel the directors of a school district to draw their warrant in payment of a judgment which the plaintiff in the mandamus proceeding had obtained against the district. The directors answered, setting up that the judgment was void because the complaint in the action on which the judgment was rendered failed to state facts sufficient to constitute a cause of action. Clearly, this was an attempt to impeach the judgment collaterally and the court so held, and, in answer to these objections, said: "This is an attempt to impeach the judgment collaterally. It was rendered by a court having general jurisdiction over the subject-matter, and the power to grant the relief contained in the judgment. And the facts set up in the complaint, however imperfectly stated, were sufficient to authorize it to proceed to hear and determine the matter. It may be conceded, for the purpose of this decision, that if these objections had been made at the proper time they would have been sustained (*Ryan v. School Dist.*, 27 Minn. 433, 8 N. W. 146); but the failure to make them left the court with authority to proceed to judgment. In doing so, it necessarily determined that the com-

plaint stated a cause of action, and its decision therein cannot be questioned or impugned collaterally, even though it may be erroneous: [citing authorities].''

In the Morrill case referred to, the court attempted to define a collateral attack, saying: ''A collateral attack on a judgment is any proceeding which is not instituted for the express purpose of annulling, correcting or modifying such decree.'' Assuming that this is a correct definition of a collateral attack, and defendants do not deny its correctness, then this suit which was instituted for the express purpose of annulling the judgment is not a collateral attack but is a direct attack upon the judgments in question. It is between the same parties, the only difference being that in this suit the justice of the peace and certain county officers, whose official duty it is to enforce the judgment, have been made defendants herein. But none of these additional parties are innocent purchasers under the judgment, or have any rights which could convert this suit into a collateral attack.

The question of what is a direct attack on a judgment as distinguished from a collateral attack is often a question of some difficulty and one upon which there is much divergence of opinion. Van Fleet says that a direct attack on a judicial proceeding is an attempt to avoid or correct it in some manner provided by law and that a collateral attack is an attempt to avoid, defeat or evade it or deny its force and effect in some manner not provided by law, and that any proceeding provided by law for the purpose of avoiding or correcting a judgment is a direct attack which will be successful upon showing the error, while an attempt to do the same thing in any other proceeding is a collateral attack which will be successful only upon showing a want of power. He also says that a bill in equity to set

aside a judgment for fraud or mistake is, as a general rule, a direct attack and such a bill only becomes collateral when not filed within the time allowed by statute or by the rules of equity, or when it seeks to affect a bona fide purchaser under the judgment: See Van Fleet on Collateral Attack, pp. 4, 5 and 6.

In 1 Freeman on Judgments (5th Ed.), § 308, the author says: "That a litigant is engaging in a direct attack upon the judgment when he seeks equitable relief therefrom in the mode approved by law."

In a note to the principal case of *Morrill v. Morrill,* 23 Am. St. Rep., the writer at page 104 says: "It seems too obvious to require mention, that a proceeding to annul, modify, or correct a judgment is a direct proceeding. It is pointed directly at a judgment, and if it is successfully maintained, the judgment, or some part of it, must succumb to the attack and cease to exist." This note was cited with approval in *Handley v. Jackson,* 31 Or. 552 (50 P. 915, 65 Am. St. Rep. 839), and in *Christensen v. Lane County,* 90 Or. 401 (175 P. 845).

That this suit is a direct attack and not a collateral attack upon the judgment is sustained by the decisions of this court in *Lieblin v. Breyman Leather Co.,* 82 Or. 22 (160 P. 1167); *Christensen v. Lane County,* supra; *Acton v. Lamberson,* 102 Or. 472 (202 P. 421, 732); *Fitchard v. Hirschberg Estate,* 128 Or. 317 (272 P. 906), and no case has been cited, and we find none, where, in this state, a suit to vacate or annul a decree for fraud or unavoidable accident or excusable mistake has been held to be a collateral attack.

A hasty reading of the opinion in *Handley v. Jackson,* supra, might lead to the conclusion that that case laid down an exception to the general rule that a judg-

ment not void cannot be impeached in a collateral proceeding for judicial error. No judgment is void in a legal sense unless its invalidity appears on the face of the record: 1 Bailey on Jurisdiction, § 136. The plaintiff in *Handley v. Jackson* was seeking to restrain an execution issued upon a judgment which had been rendered against him upon the unauthorized appearance of an attorney, the plaintiff not having been served in the action. The judgment there was voidable but not void because its invalidity did not appear from an inspection of the record and could be established only by extrinsic proof. Nevertheless the court there held that, notwithstanding the attack thus made should be regarded as a collateral attack, yet the plaintiff was entitled to an injunction against the enforcement of the judgment. This doctrine was eminently proper and it was later approved and followed in *Male v. Schaut,* 41 Or. 425 (69 P. 137), but, with the greatest deference to the great learning and ability of the distinguished jurist who wrote the opinion in the Handley case, we submit that the court might well have held that the attack there made was a direct attack upon the judgment, for as said by Mr. Freeman: "The powers of a court of chancery in this respect are well recognized. It has inherent jurisdiction to relieve from fraudulent or void judgments particularly where the invalidating facts are not apparent from the record. Such equitable intervention is very often a party's only means of escape from the invalid decision; without it he would be left remediless. These considerations tend strongly to support the position taken by many courts that a litigant is engaging in a direct attack upon the judgment where he seeks equitable relief therefrom in the mode approved by law": 1 Freeman on Judgments, supra.

: ·.It is conceded by courts and textwriters alike that a court of equity has inherent power to relieve a party from a judgment procured by fraud or deception practiced on him by his opponent, or when he had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents. The following cases sustain the rule: *Galbraith v. Barnard,* 21 Or. 67 (26 P. 1110) ; *Handley v. Jackson,* supra; *Bowsman v. Anderson,* 62 Or. 431 (123 P. 1092).

 · We find no merit in the contention urged that, because the complaint herein fails to charge fraud in the procurement of the judgment rendered after a trial on the merits in the justice's court, that judgment is enforceable even if the judgment affirming it can itself be impeached and set aside for fraud. The contention seems to assume that the first judgment will be valid and enforceable although the judgment affirming it is invalid and unenforceable. Obviously, in one action plaintiff cannot have two valid judgments upon the same cause of action, both existing and being enforceable at the same time. When this appeal had reached the circuit court and that court had affirmed the judgment of the justice's court, the judgment rendered in the justice's court was at an end and had ceased to exist if the circuit court had power to dismiss the appeal and at the same time affirm the judgment appealed from. The rule formerly was that, upon the dismissal of an appeal from a judgment of the justice's court, the circuit court had no power to affirm the judgment: *Whipple v. Southern Pacific Company,* 34 Or. 370 (55 P. 975). This rule, however, was changed by an amendment to the statute and the rule now is that it has such power: *Currier v. Anderson,* 136 Or. 440 (299 P. 704). In this suit the plaintiff

relies upon the fraud and collusion which prevented it from obtaining a retrial upon the appeal and, under the facts alleged in this complaint, such fraud which could only have occurred subsequent to the entry of the judgment in the justice's court is sufficient if the plaintiff herein had a meritorious defense to the action or to some part thereof, which, if sustained, would have materially changed the judgment rendered in the justice's court.

■■ That this plaintiff did have a good and sufficient defense to the action sued on is clearly established by the allegations of the amended complaint. It is alleged that Heider brought action in the justice's court to recover upon a written order drawn upon plaintiff, directing it to pay to him certain sums of money from a particular fund, which fund, plaintiff alleges, was not and never had been in existence. It also alleges that it never received or had in its possession or under its control any moneys with which to pay the same; that it had never accepted the order sued on and had no knowledge of its existence until after it had been sued. These allegations, if true, and the demurrer admits their truth, state a full and complete defense to the action.

■■ Again, the complaint contains, as an exhibit, a copy of the complaint filed by Heider in the justice's court. On its face it shows that Heider's whole cause of action was based upon a written order directing this plaintiff to pay over to him certain sums of money "out of the earnings of a certain timber logging contract, etc.", which, it alleges, was being conducted by others. There was no claim made in the complaint, or even a suggestion, that plaintiff had ever accepted or assented to the order or had in any way obligated itself to pay over the money. The order on its face shows

that it is nothing more or less than an inland bill of exchange which, under section 57-902, Oregon Code 1930, would not have operated as an assignment of the funds if this plaintiff had had such funds in its hands, and, it not having been accepted, did not render this plaintiff as drawee liable thereon. True, the order requires plaintiff to pay certain designated sums but the entire amount payable is uncertain. For this reason, it is non-negotiable under section 57-901, Oregon Code 1930. It is also non-negotiable because drawn on a particular fund: See 1 Williston on Contracts, § 425. But this does not change the rule requiring an acceptance of the order as a condition precedent to liability: *Erickson v. Inman,* 34 Or. 44 (54 P. 949). Considering it purely as an order and not as a bill of exchange would not change the result and make it operate as an assignment of any funds in the hands of the drawee.

 It is well settled in this state that an order by a creditor to a debtor to pay a designated third person a specific fund which such debtor owes to such creditor operates as an assignment of such fund if it purports to transfer ownership and control to such third person and is of the entire fund: *McDaniel v. Maxwell,* 21 Or. 202 (27 P. 952, 28 Am. St. Rep. 740); *Willard v. Bullen,* 41 Or. 25 (67 P. 924); *Morris v. Leach,* 82 Or. 509 (162 P. 253); *Wakefield, Fries & Co. v. Parkhurst,* 84 Or. 483 (165 P. 578). This order does not purport to transfer the entire fund, nor does it purport to transfer ownership and control of the moneys mentioned in it to Heider. An order to pay a certain number of dollars of any money due or to become due, or an order to pay a part of a debt due, unless assented to by the debtor, does not operate as an assignment at law. Before it can so operate, the order must be accepted by the debtor and he must

agree to pay the amount of the debt to the person indicated in the order, in which case the order and the acceptance thereof, when taken together, operate as an assignment: *Morris v. Leach,* 82 Or. 509 (162 P. 253).

The reason for the rule last referred to is stated by Mr. Justice BEAN in *McDaniel v. Maxwell,* supra, as follows: "When he [referring to the debtor] undertakes to pay an entire sum to his creditor, it is no part of his contract that he shall pay it in fractions to other parties. His obligation is single, and he should not be harrassed with different actions to recover parts of the one demand." In equity, however, the rule is different. If parts of a single demand are assigned to different persons and a suit thereon be brought by one of such assignees against the debtor, the other assignees and all other persons interested therein may be made parties to the suit and thus the whole controversy be settled in but one suit: *McDaniel v. Maxwell,* supra. But, however that may be, it can avail the defendants nothing in this suit because the judgment complained of was granted in an action at law.

It clearly appears from the allegations of the complaint that plaintiff has no remedy at law. The amount in controversy in the action was not sufficient to entitle plaintiff to appeal from the order of the circuit court dismissing its appeal from the judgment of the justice's court under section 7-501, Oregon Code 1930. Although we think that, instead of dismissing the appeal, as was done, upon the ground that the transcript, which was in all other respects regular and sufficient, did not contain a copy of the material docket entries, the court should have exercised its discretion

by the issuance of a rule upon the justice of the peace, requiring him to correct the omission and certify up copies of his material docket entries: *Hager v. Knapp,* 45 Or. 512 (78 P. 671). But not having done so, this plaintiff could not have the error corrected because the order entered was not appealable.

For these reasons, we think the complaint herein stated a cause of suit. The cause, therefore, will be remanded to the court below with directions to over-rule the demurrer.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.