Argued September 7; reversed September 27, 1938

IN RE ARMSTRONG'S ESTATE
MULKEY *v.* NASH
(82 P. (2d) 880)

In Banc.

*John Lichty*, of Portland (Fred C. Campbell, on the brief), for appellant.

*Allan A. Bynon*, of Portland (Bronaugh, Hamilton, Bynon & Bronaugh, of Portland, on the brief), for respondent.

KELLY, J. The question here is whether the probate department of the circuit court of Multnomah county has jurisdiction of the probate of the estate of Marshall R. Armstrong, deceased.

On October 29, 1937, Mr. Armstrong died at Walla Walla, Washington. On the 3rd day of November, 1937, a petition was filed in the probate department of the circuit court of Multnomah county, Oregon, by Thelma Bernhard and Dorothy Jensen asking for the appointment of William S. Nash as administrator of the estate of said Armstrong. This petition stated:

"That Marshall R. Armstrong died intestate at Walla Walla, Washington, October 29, 1937, and at the time of his death was a resident of Multnomah County, Oregon, and left an Estate in this county consisting of real and personal property valued in excess of $10,000.

That Marshall R. Armstrong, deceased, left as his only heirs at law the following:

Thelma Bernhard, niece, age 32, residing at Portland, Multnomah County, Oregon; petitioner herein;

Norine Bibler, niece, age 31, residing at Gooding, Idaho;

Dorothy Jensen, niece, age 42, residing at Seattle, Washington; petitioner herein;

Valentine Dost, niece, age about 40, residing at Portland, Oregon.

That Wm. S. Nash of Portland, Multnomah County, Oregon, is a resident and inhabitant of the State of Oregon, County of Multnomah, of legal age, and otherwise competent and duly qualified to act as administrator of the Estate of Marshall R. Armstrong, deceased, and your Petitioners desire that said Wm. S. Nash be appointed as such Administrator."

On the day said petition was filed, viz. November 3, 1937, the Multnomah court issued letters of administration to said Nash.

On the 2nd day of November, 1937, there was filed with the clerk of Deschutes county, Oregon, a document purporting to be the last will and testament of said Marshall R. Armstrong, deceased. On the 3rd day of November, 1937, proof of the execution by said Armstrong of said last will and testament was filed in the county court of said Deschutes county, together with a petition for its admission to probate and the appointment of Eulah C. Mulkey as executrix, she being named as such in said will.

Omitting the title, the affidavits of the attesting witnesses to the execution of said will and the prayer,

the petition for the probate of said will and the appointment of said executrix is as follows:

"Comes now Eulah C. Mulkey and respectfully shows the Court:

That Marshall R. Armstrong died in the City of Walla Walla, Washington, on the 29th. day of October, 1937; that at the time of his death the said Marshall R. Armstrong was an inhabitant of and resident in the County of Deschutes State of Oregon and left property consisting of personal property in said county;

That at the time of his death Marshall R. Armstrong left a will bearing date of the 9th. day of May, 1929, which together with the testimony of the subscribing witnesses thereto had been filed herein on the 2nd. day of November, 1937, and is by reference made a part of this petition;

That by the terms of said will your petitioner Eulah C. Mulkey was constituted and appointed as executor of said estate and the said will further provided that such executor serve without bond; that your petitioner is a resident of Deschutes County, Oregon, and a fit and proper person to be appointed as executor of said estate;

That the assets of said estate in the State of Oregon consists of personal property in the form of notes, mortgages, bonds and money in the First National Bank of Portland, Bend Branch, the Bank of Bend and the United States National Bank of Portland, Oregon, and also of certain cars, furniture and equipment in Deschutes County, Oregon, and certain furniture stored in Portland, Oregon, all being of the value of Ten Thousand Dollars;

That the heirs at law of the said deceased are:

Dorothy Jensen, niece, legal age, Seattle, Washington;

Thelma Bernhard, niece, legal age, Portland, Oregon;

Valentine Dolph Dost, niece, legal age, Portland, Oregon;

Norine Bibler, niece, legal age, Seattle, Washington;

That the legatees named in said will are the heirs above named and the following:

Eulah C. Mulkey, legal age, Bend, Oregon;

Allen L. Mulkey, legal age, cousin, Bend, Oregon;

Dapheny Dolph, niece, formerly of Belgium who died prior to the death of the deceased herein;

Augusta A. Dolph, a sister, formerly of Hollywood, California, who died in 1929;

D. A. Culman, legal age, of Vashon, King County, Washington.

That this petitioner is informed that some person to the petitioner unknown has this 3rd. day of November, 1937, applied for administration of this estate in Multnomah County, Oregon, but that the probate court of said State for Multnomah County is without jurisdiction to administer upon this estate for the reason that the said deceased at the time of his death was a resident of Deschutes County, Oregon, and left assets in said Deschutes County, Oregon, and for the further reason that this proceeding was instituted in Deschutes County, Oregon, on the 2nd. day of November, 1937, by the filing of said will in this Court, and any orders of the probate court for said Multnomah County pretending to appoint any person as executor or administrator of said estate was without authority and void.''

On the 4th day of November, 1937, such proceedings were had in the county court in and for Deschutes county, Oregon, that an order was made admitting said will to probate, appointing Eulah C. Mulkey executrix and directing that letters testamentary issue upon her filing her oath of office as such executrix.

Said order of the Deschutes County Court also contains the following statement:

''That the petition herein was filed in this court on the 3rd. day of November, 1937, and that said petition was in conformity with law; that this Court is informed that certain persons have filed in the Probate Court of the State of Oregon for Multnomah County a petition for appointment as administrator of this es-

tate and that on the 3rd. day of November, 1937, said court did appoint a person as such administrator; that by the proofs submitted it appears that the Court finds that at the time of his death said deceased was an inhabitant and resident of Deschutes County, Oregon, and that in conformity with the law as set out in Section 11-205, Oregon Code of 1930, and the case of Henkle v. Slate, 40 Oregon 349, 68 Pacific 399, the County Court of Deschutes County, Oregon, is the only county in said state having jurisdiction to admit said will to probate and to administer upon said estate, and that any orders entered by the Probate Court of Multnomah County, Oregon, pretending to appoint an administrator for such estate are without authority of law and void, and that at this time there is no lawfully appointed executor or administrator of this estate within the State of Oregon.''

On November 4, 1937, Eulah C. Mulkey executed and filed her oath as executrix and letters testamentary issued to her in accordance with said order of the Deschutes County Court.

The proceeding in which this appeal has been taken was instituted on the 10th day of December, 1937, in the probate department of the circuit court in and for Multnomah county, Oregon, by the filing therein of a petition by Eulah C. Mulkey to set aside the order of said court appointing Mr. Nash administrator of said estate and to revoke the letters of administration issued to him.

Said last named petition of said Eulah C. Mulkey, among other things, stated:

''That Marshall R. Armstrong died testate, in Walla Walla, Washington October 29th 1937; That at the time of his death, he was a resident and inhabitant of Deschutes County, State of Oregon, and left assets in said Deschutes County, Oregon.

That deceased left a Last Will and Testament, dated May 9th, 1929 and that petitioner Eulah C. Mulkey was

named in said will executrix thereof without bond or undertaking; that petition for the probate of said Will and the original Will was filed in the office of the County Clerk of Deschutes County, Oregon, on the 2nd day of November, 1937, and on the 4th day of November, 1937 was duly admitted to probate in the County Court of the State of Oregon for Deschutes County, and the petitioner herein, was appointed executrix of the estate of the said Marshall R. Armstrong, deceased, with the Will annexed.

That petitioner is now the duly appointed, qualified and acting executrix of said estate.

That one William S. Nash of Portland, Oregon, claims to have been appointed administrator of the estate of Marshall R. Armstrong, deceased, by order of the Honorable George Tazwell, Judge of the Circuit Court of the State of Oregon for the County of Multnomah, Probate Department, dated November 3rd, 1937.''

Upon the hearing in the probate department of the circuit court for Multnomah county, testimony was introduced by the petitioner tending to show that at the time of his death Marshall R. Armstrong was a resident and inhabitant of Deschutes county.

In so far as the testimony presented by the administrator tends to refute or contradict that presented by the petitioner it tends to show that deceased was not a resident or inhabitant of any county in Oregon.

No testimony whatever appears in the record tending to refute the fact that deceased died testate, and no explanation is offered of the statements in the petition for the appointment of an administrator to the effect that the deceased died intestate and at the time of his death was a resident and inhabitant of Multnomah county.

The fact that at the time of his death Marshall R. Armstrong was a resident and inhabitant of Deschutes

county, Oregon, is shown by a clear preponderance of the testimony and as stated, the fact that he left a last will and testament is not disputed.

The administrator urges that in case two or more courts have concurrent jurisdiction of a cause, the court whose jurisdiction is first exercised will thereafter have exclusive jurisdiction thereof.

Assuming, without deciding, that this is a correct statement of the law, it is not applicable here for the reason that the deceased was a resident and inhabitant of Deschutes county and hence the Multnomah court did not have concurrent or any jurisdiction of his estate.

Section 11-205, Oregon Code 1930, controls the jurisdiction of the probate courts in this state.

The first subdivision of that section gives jurisdiction to the county court when the testator, at or immediately before his death, was an inhabitant of the county in whatever place he may have died.

This clearly vests the county court of Deschutes county with jurisdiction to administer the estate in suit.

The administrator urges that subdivision three of the above mentioned section gives concurrent jurisdiction to the probate department of the circuit court of Multnomah county, not because of the statement in the petition for the appointment of an administrator to the effect that at the time of his death deceased was a resident and inhabitant of Multnomah county but because of the alleged fact that deceased was not an inhabitant of the state of Oregon.

There is nothing in the record which would render applicable the fifth subdivision of said section 11-205, supra, giving jurisdiction to any probate court in the state, ''When real property, devised by the testator,

is situated in the county and no other county court has gained jurisdiction under either of the preceding subdivisions of this section."

As we read the record, for several years before his death Mr. Armstrong lived in Deschutes county. Most of this time was spent in a camp or number of tent houses, erected upon government land near Lapine and maintained by him. Petitioner, Mrs. Eulah C. Mulkey, and her husband, Allen L. Mulkey, lived with Mr. Armstrong, Mr. Mulkey being a first cousin of Mr. Armstrong. In the fall, when the weather became very inclement, Mr. Armstrong and the Mulkeys would go to Lapine and occupy rented quarters for a short time and then leave for a winter pilgrimage. In the spring they would return to Lapine and repair to their camp living there during the spring, summer and early fall.

In his income tax statement, in his fishing license, in his hunting license, in his automobile license, his residence is indicated as being in Deschutes county. Disinterested witnesses testify that he would refer to his place in Deschutes county as his home. It appears in testimony that about a year before his death he became interested in trying to find a house in Lapine which he could purchase and to which he could repair before taking his winter trip to a milder climate. The occasion of his trip to Walla Walla, where he died, was prompted by a desire to enable Mrs. Mulkey to visit her mother at Walla Walla. The weight of the testimony is to the effect that it was merely a visit and nothing more. He was stricken suddenly and died unexpectedly.

On the other hand, attention is called to the fact that deceased maintained a postoffice box at Portland from which his mail was forwarded to him; that some

of his personal property was stored in inside rooms lighted only by skylights situated in the Mulkey building in which Mr. Armstrong owned a life estate; that two or three times a year he would spend from two or three days to two or three weeks in Portland, stopping first at one hotel and then at another; that he had an account with a Portland bank and the principal part of his income was derived from property in Portland; that he owned an old Buick automobile upon which at one time he secured a Washington license. Upon this and his winter trips to pleasanter climes, we are asked to find that he was not an inhabitant of Oregon.

■ As stated, we think that the preponderance of the testimony discloses that at the time of his death, Mr. Armstrong was an inhabitant of Deschutes county, Oregon. Part of the time he maintained a postoffice box at Lapine and he had accounts in two banks in Deschutes county.

■ In disposing of the question involved in this proceeding, namely, whether the probate department of the Multnomah court had jurisdiction, we are confronted with the question whether this is a direct or collateral attack upon the order of that court appointing an administrator. This question is presented, because as a general rule a grant of administration, which is not void, is not open to collateral attack: 23 C. J., Subject, Executors and Administrators, § 247, p. 1086.

"A direct attack on a judicial proceeding is an attempt to avoid or correct it in some manner provided by law." Vanfleet's Collateral Attack, § 2, p. 4.

"A direct attack on a judgment is an attempt to avoid or correct it in some manner provided by law, in a proceeding instituted for that very purpose." 34 C. J., Subject, Judgments, § 827, p. 520, citing *Meinert v. Harder*, 39 Or. 609 (65 P. 1056); *Walker v. Goldsmith*,

14 Or. 125 (12 P. 537). See also *State Bank of Sheridan v. Heider*, 139 Or. 185 (9 P. (2d) 117), and authorities there quoted.

"A collateral attack on a judicial proceeding is an attempt to avoid, defeat or evade it, or to deny its force and effect in some manner not provided by law." Vanfleet's Collateral Attack, § 2, p. 5.

"A collateral attack on a judgment is any proceeding which is not instituted for the express purpose of annulling, correcting or modifying such decree." Morrill v. Morrill and Killen, 20 Or. 96, 101, 25 P. 362, 364.

"When the petition for the appointment" (of an administrator) "is filed, if all persons adversely interested appear and contest the question of residence and are defeated on the merits, no one would claim that they could contest it over again in another action; but the law gives them the opportunity to make that contest in the probate court, either by resisting the, making of the appointment or by moving to cancel it when they learn of it." Vanfleet's Collateral Attack, § 637, p. 674.

Proceedings in the probate court are in writing and are had upon the application of a party or the order of the court: Section 11-101, Oregon Code 1930.

■ Applying the foregoing definitions, statutory provision, and procedural principle, we hold this to be a direct and not a collateral attack upon the order in suit.

The order of the probate department of the circuit court of Multnomah county is reversed and this matter is remanded with instructions that an order be entered revoking the letters of administration, vacating the order appointing William S. Nash administrator and dismissing the petition for the appointment of an administrator.

■ A motion to advance the hearing of this matter was filed by the state treasurer. This motion is based

upon the affidavit of a deputy inheritance tax auditor attached to said motion. The petitioner has moved that said motion and affidavit be stricken from the record. The state treasurer is not a party to this proceeding; no order was obtained permitting the filing of said documents and they serve no purpose whatever, for the reason that this court is abreast of its work. For these reasons said motion and affidavit are hereby stricken from the record.

It is ordered that neither party hereto recover costs or disbursements herein.